THE STATE, EX REL. VALVE CASTING COMPANY, *v.*
JOHNSTON ET AL.

[Cite as State, ex rel. Valve Casting Co., v. Johnston
(1978), 60 Ohio App. 2d.170.]

(No. 78AP-253—Decided October 26, 1978.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Russell P.
Herrold, Jr.,* and *Ms. Nanci L. Danison,* for relator.
*Mr. William J. Brown,* attorney general, *Mr. Michael J.
Hickey, Mr. John F. Livorno,* and *Mr. Joseph J. Murphy,* for
respondents.

STRAUSBAUGH, J. This case is presently before us on the
relator's motion for a judgment on the pleadings.

The relator has filed an original action in prohibition with
this court in an attempt to prohibit the Industrial Commission
of Ohio from considering upon the merits, or otherwise, the
claim of respondent Joseph R. Vavrek. Because Mr. Vavrek
did not appeal the Commission's order of April 8, 1976,
within sixty days, as provided by R. C. 4123.519, the relator
contends that the commission is without authority to modify
or vacate that particular decision. The respondent contends
that his detrimental reliance on the oral assurances of the
vice chairman of the comission should somehow permit him to
maintain his appeal.

On April 8, 1976, the Industrial Commission issued an

order denying the respondents' appeal from the Regional Board of Review. Respondent concedes that no appeal was taken from this order within the sixty days provided by R. C. 4123.519. In his answer, the respondent alleges that his counsel, Joseph J. Murphy, telephoned Raymond A. Connor, vice chairman of the commission, within the sixty day period for appeal and requested a vacation of the April 8, 1976, order, and an oral hearing on his appeal. Respondent further alleges the following:

"***Connor then advised Murphy that if he would forward the copy of the Notice of Appeal involved, that he would see that the Commission would grant Vavrek an oral hearing on his said appeal from the Regional Board of Review to the Industrial Commission of Ohio and the said appeal would be heard by the members of the Commission and that he would be notified accordingly; that Murphy in compliance with said advice did forward to Connor the copy of the Notice of Appeal involved and that Vavrek and Murphy relied upon such representation by Connor as being the representation and action of said Commission."

For the purposes of the relator's motion for judgment on the pleadings, we must accept the foregoing allegations as true.

Three issues must be resolved in order for relator's motion to be ruled upon: (1) Is the issuance of a writ of prohibition appropriate in this case? (2) Is the commission barred from altering an order on which the sixty day period for appeal has run and no appeal was taken? (3) If the commission is normally so barred, does the respondent's reliance on the oral assurances of a commission member somehow prevent the application of the bar?

Normally, a writ of prohibition will not issue where the relator has an adequate remedy at law by way of appeal. In the instant case, relator could appeal the decision by the commission to vacate its April 8, 1976, order, thereby affording it an adequate remedy. However, an exception to this rule was recognized in *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326. In that case the Supreme Court stated, at 329:

"If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to pre-

vent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.\* \* \*"

Accordingly, the writ could be properly issued if the commission lacked jurisdiction to vacate its order under the circumstances in this case.

We must next consider whether or not the commission had jurisdiction to alter its April 8, 1976, order. The line of cases which give us guidance on this issue starts with *State, ex rel. Maxson,* v. *Bd. of County Commrs.* (1958), 167 Ohio St. 458. In that case the Ohio Supreme Court, in a *per curiam* opinion, stated at 460:

"In the instant case, the board had the statutory power and duty to determine, in the exercise of its sound discretion, whether annexation to Grandview Heights should be granted and had continuing jurisdiction to reconsider its decision until the institution of court proceedings attacking such decision or until the expiration of the time allowed for the institution of such proceedings (Section 709.04, Revised Code)."

This same passage was quoted with approval in *Diltz* v. *Crouch* (1962), 173 Ohio St. 367. The syllabus of the *Diltz* case states:

"The Board of Liquor Control has control over its orders until the actual institution of an appeal therefrom or the expiration of the time for an appeal."

This doctrine was extended to the Industrial Commission in *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120, which cited *Diltz* for the principle that:

"The Industrial Commission has control over its orders *until the actual institution of an appeal* therefrom or *until the expiration of the time for such an appeal.* See *Diltz* v. *Crouch, Dir. of Liquor Control,* 173 Ohio St. 367." (Page 121, emphasis added.)

The respondent contends that to deprive the commission of "control over its orders," which we interpret as synonymous with jurisdiction, is contrary to the intent of the legislature as expressed in R. C. 4123.52. This section grants the commission continuing jurisdiction over its cases for at least six years. This apparent contradiction, however, was considered in *Curtis* v. *G.M.C.* (1978), 55 Ohio App. 2d 83.

After an extensive review of the case law, the Court of Appeals for Defiance County states at 88:

"In our opinion, these decisions to the extent applicable to jurisdiction of the commission, may be summarized as permitting the exercise of the continuing jurisdiction of the commission to consider new evidence of further disability resulting from the claimant's injury and, if same is found to exist, to appropriately modify or change its former findings or orders. Thus, the continuing jurisdiction to hear a claim based on new evidence of further disability always exists but *no modification or change in former orders may occur unless new evidence of further disability is found sufficient to justify the modification or change.*" (Emphasis added.)

We concur in the conclusion of the Court of Appeals for Defiance County and find that the Industrial Commission lacked jurisdiction to vacate its order of April 8, 1976, based on the expiration of the sixty day period since further disability was not the issue, as the order which the Industrial Commission attempted to vacate was a complete denial of the claim on the basis that claimant failed to prove that he sustained an injury in the course of his employment. The Industrial Commission has no further jurisdiction to vacate an order denying a claim after the appeal time has run.

Having determined that the commission was without jurisdiction at the time the April 8, 1976, order was actually vacated some nine months later, we must decide whether the respondent's alleged reliance could in some way save him from the operation of R. C. 4123.519 and the *Prayner* decision. We must reluctantly conclude that it cannot. Because the commission loses control or jurisdiction over its orders after the expiration of the sixty day period for the filing of an appeal, under the holding of *Prayner,* the commission cannot unilaterally bestow a greater period of jurisdiction upon itself by oral assurances to a litigant. Although we are concerned by the apparent injustice done to this particular respondent if in fact he relied, in good faith, on the assurances of the vice chairman of the commission, we are also mindful of the fact that he could have pursued a vacation of the order, while at the same time preparing a notice of appeal to be filed if such a vacation was not granted within the sixty day period.

For the preceding reasons, the relator's motion for a

judgment on its pleadings is well taken and should therefore be granted, and a writ of prohibition will issue to the members of the Industrial Commission of Ohio.

*Motion granted*
*and writ issued.*

REILLY and McCORMAC, JJ., concur.