Charles WALKER *v.* J & J PEST
CONTROL and AETNA INSURANCE COMPANY

CA 80-214                                              606 S.W. 2d 597
Court of Appeals of Arkansas
Opinion delivered October 29, 1980

*David J. Potter*, for appellant.

*Thomas M. Bramhall*, for appellees.

GEORGE HOWARD, JR., Judge. On January 10, 1980, the Workers' Compensation Commission denied appellant's claim for disability and medical benefits purportedly related to injuries by exposure to chemicals used in connection with his employment — pest control. The Commission found that claimant failed to prove his claim by a preponderance of the evidence.

On January 29, 1980, after engaging the services of another counsel, claimant filed a motion for rehearing before the Commission, alleging:

> ". . . Claimant has a continuing medical disability. . . . [T]he disability is rare and is not entirely understood by the medical profession. . . .
>
> "That Claimant has received new evidence which, when fully developed . . . will prove Claimant's entitlements to compensation. . . ."[1]

Respondents, in resisting claimant's motion, argued essentially that there is no provision in the Arkansas Workers' Compensation Act or the Rules of the Commission for a motion for rehearing; and that claimant has not demonstrated the purported new evidence, which respondent in effect denies that such evidence should be so characterized, could not have been discovered with the exercise of reasonable diligence prior to the submission of the case to the Commission.

On February 11, 1980, the Commission stated in communication to counsel:

> "The Full Commission is denying the motion for rehearing filed by claimant in the above styled case. *It is possible that the motion would be more properly filed as a motion to remand from the Court of Appeals. . . .*" (Emphasis added)

---

[1] In support of his motion, claimant submitted statements from Dr. William Y. W. Au, Professor of Medicine and Pharmacology, Chief Clinical Pharmacology Unit, University of Arkansas for Medical Sciences and VA Medical Center Complex; Dr. Thomas A. Bruce, Dean of the College of Medicine at the University of Arkansas Medical Sciences; and Dr. Dale Y. Peters, Specialist in Allergy and Environmental Diseases, of Dallas, Texas.

Dr. Peters' statement dated January 11, 1980, and filed with the Commission on January 29, 1980 states:

> "It is my view that Mr. Walker suffered over-exposure to insecticides which damaged his cellular blood cell system so that he now has multiple sensitivities to a variety of environmental factors including foods and environmental chemicals."

We view the Commission's posture in denying claimant's motion for rehearing as not resting on the merits of the motion, but on the theory that the Commission was without jurisdiction to entertain the motion even if it were inclined to do so.

We are of the view that the Commission does have authority to consider a motion for rehearing which is timely filed.

While the Rules of the Commission do not seem to deal with the problem in this appeal, we are persuaded that Rules 13 and 23 of the Commission's Rules authorize reasonableness on the part of the Commission in a variety of circumstances dealing with the prosecution of claims for benefits, in order that the ends of justice may be served. Hence, a liberal construction of the Commission's Rules lends support to the argument that the Commission does have authority to entertain a petition for rehearing when based on reasonable grounds. Indeed, a quasi-judicial commission should not be deprived of the opportunity to reconsider its ruling, where, as here, the proceedings involving an employee's claim for injury or death, in the course of his employment, shall be exclusive of all other rights and remedies. It seems that due process and equal protection would require nothing less.

In 100 C.J.S., Workmen's Compensation § 660, page 1001, it is provided:

> "Where the statute authorizes the commission, on application of either party, to 'set the award aside and grant a new hearing,' an employee denied compensation has the same right to a rehearing thereunder as the employer and insurer would have in a case where compensation is granted, and the same principle is applicable where a rule of the commission authorizes parties aggrieved or dissatisfied with an award, order, or decision to apply for a rehearing thereof."[2]

---

[2]Ark. Stat. Ann. § 81-1326 (Repl. 1976) provides:

". . . [T]he Commission may at any time within six [6] months of termination of the compensation period fixed in the original compen-

Ark. Stat. Ann. § 81-1362 (Repl. 1976) provides:

"The Workers' Compensation Commission is hereby authorized to adopt such rules and regulations and to prescribe such forms as it shall deem necessary or desirable to properly carry out the purpose and intent of this Act."

Rule 2 of the Rules of the Arkansas Workmen's Compensation Commission states:

"The rules of the Commission are subject to amendment at any time, and the Commission will adopt additional rules whenever, in its judgment, the same are advisable."

Inasmuch as § 81-1326 authorizes the Commission to reconsider "any compensation order, award or decision", on its own motion or upon application of any interested party and "upon such review may make an order or award terminating, continuing, decreasing or increasing for the future the compensation previously awarded", it seems plain that due process of law dictates that an employee who has been denied benefits should be afforded the same oppportunity to have his claim reconsidered where he has discovered subsequent to the denial of benefits that he has a meritorious claim. Appellant's motion was filed within 18 days after the Commission's original order.

Moreover, § 81-1325(b) makes it clear that the decision of the Commission does not become final for 30 days, and supports the concept that the Commission has jurisdiction during such 30 day period to reopen the case for further evidence and modification of the decision. *See: Mason* v. *Lauck,* 232 Ark. 891, 340 S.W. 2d 575 (1960).

---

sation order or award, upon its own motion or upon the application of any party in interest, on the ground of a change in physical condition or upon proof of erroneous wage rate, review any compensation order, award or decision, and upon such review may make an order or award terminating, continuing, decreasing or increasing for the future the compensation previously awarded, . . . The Commission may at any time correct any clerical error in any compensation order or award.

Section 81-1362, which empowers the Commission to adopt rules and regulations, is predicated on the assumption that the Commission will adopt such rules and regulations that will carry out the beneficient and remedial purposes of the Workers' Compensation Act and not frustrate a claimant's legitimate efforts to present his case.

It is basic that the Commission must take a liberal view of the Act, so where one inference would support an award, and another inference would defeat it, the construction favorable to the claimant should be adopted, if factually sound. *Stout Construction Company* v. *Wells*, 214 Ark. 741, 217 S.W. 2d 841 (1979). *A fortiori*, an inference which supports jurisdiction on the part of the Commission to entertain appellant's motion for rehearing should be adopted.

We are further persuaded that the Commission should have considered a hearing on appellant's motion for rehearing even though counsel waived a hearing. Because of the circumstances surrounding this case and the nature of claimant's ailment, we are persuaded that the Commission had an affirmative duty to schedule a hearing.

Reversed and remanded with directions to determine the merits on the appellant's motion for rehearing.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. The majority, in reversing the unanimous decision of the Commission, is granting a new hearing for the taking of new evidence. This evidence was available, but not submitted, prior to the rendition of the Commission's Opinion. Both of the letters which claimant now wishes the Commission to consider as "new" evidence were received by the claimant's attorney prior to a decision on his claim. Dr. Y. W. Au wrote a detailed letter on November 13, 1979 in which he indicated the claimant had been exposed to pesticide poisoning. On November 15, 1979 the claimant was examined by a Dr. Peters of Dallas. The physician stated he had been over-exposed to pesticides. The claimant's appeal to the Full Commission was submitted on briefs November 21, 1979. The Full Commission denied and

dismissed the claim on January 10, 1980. The briefs do not contain any of this evidence, though it was available at the time of submission. Further, the record does not indicate any request to the Commission to have a hearing for the purpose of introducing additional evidence. This is required by Rule 14.

> Introduction of Evidence. All oral evidence or documentary evidence shall be presented to the designated representative of the Commission at the initial hearing on a controverted claim, which evidence shall be stenographically reported. Each party shall present all evidence at the initial hearing. Further hearing for the purpose of introducing additional evidence will be granted only at the discretion of the hearing officer or Commission. A request for a hearing for the introduction of additional evidence must show the substance of the evidence desired to be presented.

There is not even an attempt to comply with this rule.

> Likewise, a new hearing is not warranted under Rule 23.

> In any case, where good cause is shown, the Commission or Administrative Law Judge may permit deviation from these rules insofar as compliance therewith may be found to be impossible or impracticable.

There is no evidence it was impracticable or impossible for the claimant to comply with these rules. How could it be impracticable or impossible to submit evidence which is in the possession of the claimant at the time of submission to the Commission?

The majority indicates Ark. Stat. Ann. § 81-1326 authorizes the Commission to reconsider or rehear this claim. The precise words of this section allow reconsideration of "any compensation order, award or decision", and after such reconsideration, the Commission "may make an order or award *terminating, continuing, decreasing,* or *increasing* for the future the compensation previously awarded." Nowhere in this enumeration is the Commission given the power to

reconsider or review a denial of benefits. Statutes which enumerate or list powers are limited in interpretation to these precise functions. The precise designation of these powers creates a presumption the Legislature intended no other power or right to be included. *Cook* v. *Ark-Mo Power Corp*, 209 Ark. 750, 192 S.W. 2d 210 (1946). Furthermore, there is a basic difference in the thrust of this statute and that now being given by the majority. The reconsideration of awards for the purpose of either terminating, continuing, decreasing or increasing an order or award deals with claims which have been deemed compensable. This statute is designed to create some flexibility with regard to an injured worker's changing physical status. This section empowers the Commission to reevaluate a claimant's condition or progress. If his condition has deteriorated to the point he is permanently and totally disabled, the Commission by its own motion or on that of an interested party may reconsider the previous award and may increase the award. This statute was not designed, nor does it envision, a constant application for reconsideration by claimants who have been denied benefits. Litigation must terminate at some point.

I would deny a rehearing in this case. No new evidence is presented. This is not even a situation when due diligence could have produced the evidence. It was already in the possession of the claimant's attorney. Therefore, I respectfully dissent.