COOPER INDUSTRIAL PRODUCTS *v.*
Naeomi MEADOWS

CA 82-59                                    634 S.W.2d 400

Court of Appeals of Arkansas
Opinion delivered June 16, 1982

*Floyd M. Thomas, Jr.* of *Brown, Compton & Prewett, Ltd.,* for appellant.

*Ronald L. Griggs* of *Law Offices of Ronald L. Griggs,* for appellee.

TOM GLAZE, Judge. This is the second appeal in this case to our Court from the Workers' Compensation Commission. Although the legal issue presented in this appeal was raised in the first appeal, we dismissed the earlier appeal on another issue. We found that the previous order of the Commission was not final and therefore not appealable. *Cooper Industrial Products* v. *Meadows,* 269 Ark. 966, 601 S.W.2d 275 (Ark. App. 1980). Subsequent proceedings have since been held before an Administrative Law Judge and the Commission, and this case is now properly before us for decision. Since the issue and facts in this cause were fully set forth in our opinion dismissing the earlier appeal, we now

recap only those necessary facts which will serve to underscore the question we must decide.

On April 17, 1979, the Administrative Law Judge initially heard this case and he filed his opinion on July 12, 1979, denying appellee's claim for additional benefits. On July 17, 1979, appellee's attorney wrote a letter to the Administrative Law Judge, suggesting that the Judge's order should be amended since the attorney believed the order was based on the erroneous assumption that Dr. Lester had withdrawn his disability rating on appellee. By letter dated July 23, 1979, the Judge responded to the July 17 letter and requested appellee's attorney to provide a clarification from Dr. Lester, and the Judge indicated that if the doctor's disability rating had not been withdrawn, he would amend his July 12 order. Unfortunately, neither appellee's attorney nor the Administrative Law Judge informed attorney for appellant of these communications.

On October 11, 1979, appellee's attorney forwarded to the Administrative Law Judge a letter report by Dr. Lester which clearly reflected the doctor never intended to withdraw his disability rating of appellee. On October 31, 1979, the Judge amended his prior July 12 order and awarded appellee benefits based on Dr. Lester's opinion finding appellee had a five to ten percent physical impairment of the body as a whole. It was not until appellant's attorney received the Judge's amended order that appellant learned of the events which had taken place after the July 12 order.

Appellant appealed the Judge's amended order of October 31 to the Commission, contending the prior July 12 order was final under Ark. Stat. Ann. § 81-1325 (a) (Repl. 1976). Appellant argued that since thirty days had passed since the July 12 order was entered and no appeal had been filed, the Administrative Law Judge had no power to amend the order. After a brief interlude when the Commission remanded the matter to the Judge for additional evidence, the Commission finally considered and rejected appellant's contention. By a split decision, the Commission affirmed the Judge's amended order awarding benefits to appellee. We must disagree and reverse the Commission's decision.

The facts of this case have given us much concern. We are confronted with the clear language of Ark. Stat. Ann. § 81-1325 (a) which provides:

A compensation order or award of a referee *shall become final unless either party* to the dispute shall, *within thirty days from the receipt by him of the order or award, petition in writing for a review by the Full Commission* of the order or award. [Emphasis supplied.]

Appellee did not appeal the Administrative Law Judge's July 12 order nor did the Judge set aside or amend this order within thirty days after it was issued and received.[1] Admittedly, the appellee by letter protested the Judge's decision, but he did not perfect an appeal, presumably because the Judge indicated that he would reconsider the order upon receipt of clarifying information from Dr. Lester. The Judge simply did not have the authority or power to make such an assurance, at least after the thirty-day period expired under § 81-1325 (a). See *Arkansas State Highway and Transportation Department* v. *Godwin*, 270 Ark. 743, 606 S.W.2d 127 (Ark. App. 1980).

Awards may be modified by the Commission in accordance with Ark. Stat. Ann. § 81-1326 (Repl. 1976), but only on the showing of a change in physical condition or upon proof of an asignment of an erroneous wage rate. *Southern Wooden Box Company* v. *Smith*, 5 Ark. App. 15, 631 S.W.2d 620 (1982).

Our Workers' Compensation Law does not provide for rehearing or reconsideration procedures, a fact we noted in *Walker* v. *J & J Pest Control*, 270 Ark. 941, 606 S.W.2d 597 (Ark. App. 1980).[2] The Commission, however, does have

[1] In the instant proceeding, the Administrative Law Judge did not withdraw or set aside his order within the thirty-day statutory period. Whether he had the inherent power to do so and thereby prevent the appeal time from running under § 81-1325 (a) is an issue not before us. Therefore, we find it unnecessary to discuss and decide this question at this time.

[2] The *Walker* case involved a motion for rehearing before the Commission which was filed by the claimant within the thirty-day period

authority under Ark. Stat. Ann. § 81-1326 (Repl. 1976) to modify a final award but only upon a showing of a change in physical condition or proof of an assignment of an erroneous wage rate. *Southern Wooden Box Company* v. *Smith, supra.*

Ordinarily compensation review procedures are specifically established by statute, and when they are the courts will not countenance alternative forms of review. 3 Larson, Workmen's Compensation Law, § 80.50. It is also pointed out by Professor Larson in the foregoing section of his treatise that time periods for appeal are ordinarily strictly enforced. However, appellee directs our attention to the State of Arizona which has taken a more liberal view on the subject of timely appeals in Workers' Compensation cases.

Arizona has a statute comparable to Ark. Stat. Ann. § 81-1325 (a) (Repl. 1976). In 1972, the Supreme Court of Arizona broke with longstanding precedent, and held that when the facts appear to warrant relief and the delay is neither excessive nor unfair in its consequences to the carrier, the Commission in the interest of justice may waive the untimeliness of the filing of an appeal. *Parsons* v. *Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972). In more recent decisions, the Arizona courts have continued to apply the rule laid down in *Parsons. Janis* v. *Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974), and *Citizens Savings and Loan* v. *Industrial Commission,* 120 Ariz. 424, 586 P.2d 985 (Ariz. App. 1978).

Although we may find some merit in the rule adopted by the Arizona courts, we have problems in applying such a rule to the case at hand. To do so, we undoubtedly would be creating by case law a new review or appellate procedure not heretofore provided by Arkansas law. Moreover, most juris-

after the Commission's order. The Commission, in effect, questioned the propriety of the motion and therefore denied it. On appeal to this Court, we cited § 81-1326 and remanded the case to the Commission with directions to determine the merits on the claimant's motion for rehearing. Although the *Walker* case concerned a rehearing motion before the Commission rather than an Administrative Law Judge, by this decision today we clarify and limit the holding rendered in *Walker.*

dictions have adopted the view that procedural requirements such as those set forth in § 81-1325 (a) are mandatory or jurisdictional and must be strictly complied with. For example, see *Henry MacAllister House Mover* v. *Johnson,* 281 So.2d 306 (Fla. 1973); *Kissell* v. *Labor and Industrial Relations Appeal Board,* 57 Haw. 37, 549 P.2d 470, cert. denied, 429 U.S. 898 (1976); *Smith* v. *Fireman's Fund Insurance Company,* 141 Ga. App. 578, 234 S.E.2d 156 (1977); *Workmen's Compensation Appeal Board* v. *Budd Company,* 29 Pa. Cmwlth. 249, 370 A.2d 757 (1977); *Roadway Express, Inc.* v. *Gray,* 40 Md. App. 66, 389 A.2d 407 (1978); *McKenna* v. *Industrial Commission,* 42 Colo. App. 305, 596 P.2d 405 (1979); and *State ex rel. Valve Casting Company* v. *Johnston,* 60 Ohio App.2d 170, 396 N.E.2d 240 (1978). See also, 3 Larson's, Workmen's Compensation Law, § 80.50 and 100 C.J.S. Workmen's Compensation § 660.

In sum, we reject appellee's invitation to embrace the rule adopted by Arizona in *Parsons* v. *Bekins Freight, supra.* In the first place, we doubt our authority to create such a procedural or appellate remedy. However, even if we had such authority, it would prove questionable on our part to adopt a rule which is contrary to that recognized in almost every other state. The Arkansas General Assembly has not enacted a law which would authorize the statutory appeal time to be extended. Unless the General Assembly provides such a remedy or procedure, neither Administrative Law Judges nor the Commission have the power to waive or otherwise extend the appeal time provided in § 81-1325 (a) and (b).

We address a final point which was raised in the Commission's opinion. The Commission expressed some reluctance in affirming the Administrative Law Judge's opinion but did so by applying an estoppel theory against the Commission because the evidence showed appellee was prepared to file a timely appeal but for the Administrative Law Judge's ex-parte letter of July 23, 1979. Obviously, the Commission has attempted to share some of the responsibility for appellee's plight. While we share in and appreciate the concern expressed by the Commission, we are unaware of any precedent employing the estoppel theory against the

Commission and in favor of a claimant or respondent. Nor does the Commission cite us any cases on the subject. An analogous sitaution occurred in *State ex rel. Valve Casting* v. *Johnston, supra,* and the holding by the Ohio court fails to support the Commission's decision here. In Ohio, a party must file any appeal within sixty days after the Industrial Commission's order. In *Johnston,* the claimant failed to do so. He had, however, telephoned the Commission's vice chairman within the sixty day period. The vice chairman assured the claimant his appeal would be heard if he would forward a copy of the notice of appeal. The court held the Commission lost jurisdiction over the appealed order, and that the Commission could not unilaterally bestow a greater period of jurisdiction upon itself by oral assurances to a litigant. The court stated further:

> Although we are concerned by the apparent injustice done to this particular respondent if in fact he relied, in good faith, on the assurances of the vice chairman of the commission, we are also mindful of the fact that he could have pursued a vacation of the order, while at the same time preparing a notice of appeal to be filed if such a vacation was not granted within the sixty day period.

The saying, "Bad cases make bad law" can all too often be a reality unless our courts apply the law evenly as well as knowledgeably. One's inclination might be to "stretch" or "create" law to assure that justice is done in every case. Such a proclivity, once indulged, might prove to foster justice in one case but prove disastrous in the next.

Although we have great sympathy for appellee's position in this case, we must find that the Administrative Law Judge and Commission lost jurisdiction of this proceeding after appellee failed to file her appeal within the thirty day period provided by § 81-1325 (a). We therefore reverse the Commission's decision and remand with directions to reinstate the Administrative Law Judge's order filed on July 12, 1979.

Reversed and remanded.