# Delia SMITH *v.* SERVOMATION

CA 82-143                                            651 S.W.2d 118

Court of Appeals of Arkansas
Opinion delivered June 1, 1983

*Frederick S. "Rick" Spencer,* for appellant.

*Michael E. Ryburn,* for appellee.

MELVIN MAYFIELD, Chief Judge. In November of 1974, the appellant sustained a back injury as a result of an on-the-job accident. In June of 1975, after surgery for removal of a herniated disc, she was released to return to work and in April of 1977, she filed a claim for compensation with the Workers' Compensation Commission. At a hearing on August 22, 1979, it was stipulated that the employer had paid all medical bills submitted, temporary benefits for a period, and 45 weeks of compensation which represented a 10% disability. After the hearing, the record was left open for the appellant to submit additional medical records.

An opinion was filed by the law judge in November of 1980, in which he stated that only two reports had been submitted since the hearing and that the appellant had failed to show she was entitled to additional benefits. There was no appeal from this opinion, but after appellant retained her present attorney, a petition was filed on May 4, 1981, to reopen her claim pursuant to Ark. Stat. Ann. § 81-1326 (Repl. 1976). That section reads in part as follows:

> *Modification of awards.* Except where a joint petition settlement has been approved the Commission may at any time within six months of termination of the compensation period fixed in the original compensation order or award, upon its own motion or upon the application of any party in interest, on the ground of a change of physical condition or upon proof of erroneous wage rate, review any compensation order, award or decision, and upon such review may make an order or award terminating, continuing, decreasing or increasing for the future the compensation previously awarded, subject to the maximum limits provided for in this Act.

The law judge held that since no award had been made in the November 1980 order, no compensation period had been fixed and no review could be made. Finding that the

statute did not apply, he therefore dismissed the petition to reopen. This decision was affirmed by the Full Commission.

We think the decision is correct. Appellant relies upon *Walker* v. *J & J Pest Control*, 270 Ark. 941, 606 S.W.2d 597 (Ark. App. 1980), as authority to the contrary, but we cannot agree. In that case Walker, alleging newly discovered evidence, filed a motion for rehearing nineteen days after the commission had denied his claim. The commission denied the petition on the basis that it had no authority to entertain a petition for rehearing. This court reversed and held that the commission did have authority to consider a motion for rehearing *which is timely filed.*

The *Walker* opinion was clarified and limited by *Cooper Industrial Products* v. *Meadows,* 5 Ark. App. 205, 634 S.W.2d 400 (1982). In *Cooper,* more than thirty days after he filed his opinion, a law judge amended his order at the appellee's request. The appellant argued that this could not be done without an appeal. This court agreed. We said neither administrative law judges nor the commission have the power to waive or extend the thirty days in which their decisions may be appealed. *See* Ark. Stat. Ann. § 81-1325 (a) and (b) (Repl. 1976). And in a footnote we noted that *Walker* involved a motion for rehearing filed within the thirty-day period for appeal.

Therefore, in the instant case, we think the commission was correct in refusing to allow the appellant to reopen her claim since the petition was not filed within the time to appeal as in *Walker* and since Ark. Stat. Ann. § 81-1326 applies only to cases where a previous order or award of compensation has been made.

The appellant has presented several ingenious arguments for the application of section 81-1326. She says due process requires it, citing language in *Walker.* But that language simply refers to section 81-1326 as an example of an opportunity for reconsideration offered by the compensation act and the opinion says that due process would require a similar right to reconsideration for a claimant who has been denied an award. The answer then to appellant's

argument is that she *had* a similar right — file a petition for reconsideration within thirty days. And in that case she would not be limited to the narrow grounds of change in physical condition or erroneous wage rate assignment as provided in section 81-1326.

The appellant also argues that the first hearing, on August 22, 1979, was limited to whether the appellant was entitled to additional medical benefits and that the law judge exceeded that limitation and thus his order should not be considered final. However, the record shows that she also asked for the resumption of temporary total disability payments; that the employer contended all benefits due had been paid; and that the law judge's opinion definitely stated that appellant failed to prove she was entitled to additional benefits. Under these circumstances, we think appellant's failure to question the decision within thirty days either by petition for rehearing or appeal, allowed it to become final.

Furthermore, we cannot agree that the appellee is estopped to claim that the 1979 decision was final. A party claiming estoppel must prove he has relied in good faith on wrongful conduct and has changed his position to his detriment. *Christmas* v. *Raley,* 260 Ark. 150, 539 S.W.2d 405 (1976). Although there was no specific finding as to estoppel, the issue was argued to the commission and the record is clearly sufficient for us to determine that the commission resolved that issue against appellant's contention and that its action in that regard is supported by substantial evidence. *See Clark* v. *Peabody Testing Service,* 265 Ark. 489, 579 S.W.2d 360 (1979).

After giving careful consideration to all the arguments advanced, we have concluded that under the law and evidence it is our duty to affirm the commission's decision.

Affirmed.

GLAZE, J., concurs.

TOM GLAZE, Judge, concurring. I concur. The majority appears to authorize rehearing or reconsideration pro-

cedures — a practice we specifically stated was not provided for in our Workers' Compensation Law. *See Cooper Industrial Products* v. *Meadows,* 5 Ark. App. 205, 208, 634 S.W.2d 400, 402 (1982). In fact, this Court in *Walker* v. *J & J Pest Control,* 270 Ark. 941, 606 S.W.2d 597 (Ark. App. 1980), permitted a motion for a rehearing, and I thought in *Meadows* we clearly decided that we were wrong in doing so. *See Meadows, supra,* at 208, 634 S.W.2d at 402, n.2. Although I might agree a law should be enacted to allow for rehearing petitions, I question our authority to provide for such a procedure by judicial edict. In my opinion, the *only* procedure to reopen a case is set forth in Ark. Stat. Ann. § 81-1326 (Repl. 1976), *viz.,* a party must show (1) a change of physical condition or (2) that an erroneous wage rate was implemented.