Eddie JOHNSON *v.* Austin HUX d/b/a Fireball Electronic

CA 88-342                                   772 S.W.2d 362

Court of Appeals of Arkansas
En Banc
Opinion delivered June 21, 1989
[Supplemental Opinion on Denial of Rehearing
December 13, 1989.*]

*Cooper, J., concurs.

*Landers & Shepherd*, by: *Bobby E. Shepherd*, for appellant.

*Ronald L. Griggs*, for appellee.

GEORGE K. CRACRAFT, Judge. Eddie Johnson appeals from an order of the Arkansas Workers' Compensation Commission finding that he had failed in his burden of proving a compensable injury and denying him temporary total disability benefits. We find no error and affirm.

Appellant went to work for appellee as a satellite television system installer during the summer of 1984. Appellant testified that, while installing a satellite antenna in February of 1985, he sustained a work-related injury when he fell and injured his hip. He stated that he continued to work for several weeks thereafter until the pain became so intense that he finally consulted Dr. John Giller. After a short period of treatment, appellant returned to work for a few weeks but continued to have pain and was again forced to cease his employment. He was later seen by Dr. Ernest Hartmann and diagnosed as having a herniated lumbar disc, for which surgery was performed in 1986.

The administrative law judge (ALJ) found the hip injury to be work-related and awarded temporary total disability benefits. On appeal, the Commission reversed that decision on a finding that the claimant had failed to prove by a preponderance of the credible evidence that he had suffered a work-related injury.

Appellant first contends that this finding is not supported by substantial evidence. We do not agree. In its opinion, the Commission stated that appellant offered only his own testimony

that the injury occurred while on the job. The Commission noted that none of the reports of appellant's treating physicians contained a history of the slip-and-fall incident referred to in appellant's testimony. To the contrary, Dr. Giller's report stated that appellant attributed his pain to a 1983 "tussle with a cow" during which the cow stepped on appellant's hip. Dr. Hartmann's report of October 29, 1985, stated that appellant had a "three-month history of *non-traumatic* low back and right leg pain aggravated by riding in a car, coughing and sneezing" (emphasis added), and that appellant had that day consulted him complaining that he developed a "catch" in his back when he had to suddenly and forcefully apply the brakes of his car. The Commission also noted that appellant admitted in his testimony that, during the same week in which he alleged the job-related fall to have occurred, he wrecked a three-wheeled vehicle two or three times, turning it over and hurting his hip.

On appellate review of workers' compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission, and will affirm if there is any substantial evidence to support the findings made. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 597 S.W.2d 360 (1979); *Oller* v. *Champion Parts Rebuilders, Inc.*, 5 Ark. App. 307, 635 S.W.2d 276 (1982). In making our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given to their testimony. *Wade* v. *Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989). We give the ALJ's findings no weight whatsoever. *Clark* v. *Peabody Testing Service, supra; Oller* v. *Champion Parts Rebuilders, Inc., supra.* It is the duty of the Commission to make findings in accordance with the preponderance of the evidence; its function is not to determine whether there is substantial evidence to support the findings of the ALJ. *Jones* v. *Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. From our review of the record, we cannot conclude that the Commission's finding that appellant failed to prove a compensable, work-related injury is not supported by substantial evidence.

■ Alternatively, appellant argues for the first time on this appeal that the application of these well-established rules governing the Commission's function and our standard of review deny him due process of law because they permit findings of credibility to be made by a fact finder which had no opportunity to observe the manner and demeanor of the witnesses while giving their testimony. We do not address this issue because it was not raised before the Commission. In *Hamilton* v. *Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982), we held that the rule which prohibits presentation of constitutional issues for the first time on appeal applies with equal force to appeals from the Workers' Compensation Commission.

■ We find no merit in appellant's argument that the rule should not apply in this case because he had no opportunity to object to the unconstitutional nature of the act and had no occasion to complain until after the decision of the ALJ had been reversed by the full Commission. First, it is clear under current law that the weight and credibility of witnesses' testimony are matters within the exclusive province of the Commission, and that the Commission is not in any was bound by the findings of the ALJ. Indeed, the Commission is not only authorized but required to make its own findings, unless, after a *de novo* review, it expressly adopts as its own those of the ALJ. *Jones* v. *Tyson Foods, Inc.*, 26 Ark. App. 51, 759 S.W.2d 578 (1988). Therefore, appellant knew as of the time the decision was appealed to the full Commission that the Commission was free to completely disregard the ALJ's findings. If he questioned the constitutionality of this long-standing procedure, he could have raised that issue at the Commission level.

■ Furthermore, the Commission's decision would not be beyond the reach of that body until the expiration of thirty days from the date appellant received a copy of the order. During that period of time, the constitutional issue could have been brought forward by a motion to reconsider and a proffer of any proof deemed essential to preservation of the issue. *Morrison* v. *Tyson Foods, Inc.*, 11 Ark. App. 161, 668 S.W.2d 47 (1984); *Walker* v. *J & J Pest Control,* 270 Ark. 941, 606 S.W.2d 597 (Ark. App. 1980).

Several other reasons why the rule requiring constitutional

issues to be raised before the Commission should not be applied in this particular case have been advanced in our conference. However, we conclude that within a given class of cases, e.g., appeals from the Workers' Compensation Commission, rules governing appellate review and procedure are, and ought to be, intended for universal application. Only chaos could result from a determination of the applicability of a clearly stated procedural rule on a case-by-case basis.

Affirmed.

ROGERS, J., concurs.

COOPER, J., dissents.

JUDITH ROGERS, Judge, concurring. Although I agree that Judge Cooper's dissent may be the more humane approach, the well reasoned historical approach stated in the majority opinion more accurately reflects our standard and scope of review. Therefore we are again reminding counsel that all issues should be raised and to some degree anticipated, at the earliest possible moment, so that these questions can be preserved for appellate review.

JAMES R. COOPER, Judge, dissenting. The majority has affirmed this case on the ground that the question raised by the appellant has not been preserved for appellate review. I dissent because I believe that the appellant was presented no meaningful opportunity to raise the issue. It is noteworthy that the present appellant was the appellee before the Commission, having prevailed before the administrative law judge. The majority holds that the appellant should have presented his due process question to the Commission because he knew that current law required the Commission to make credibility determinations in the absence of an opportunity to observe the demeanor of the witnesses. I maintain that the majority demands an uncommon degree of precognitive ability on the part of appellees who come before the Workers' Compensation Commission. The appellee, who did not bring the appeal, is thus required in his answer both to anticipate that the Commission will reverse the administrative law judge's decision, and that the basis for the reversal will be that the Commission, which did not see the witnesses, will disagree with the specific finding of credibility made by the administrative law

judge who had the witnesses before him.

Nor do I agree that it is necessary to petition for rehearing before the Workers' Compensation Commission in cases such as this in order to preserve an issue for appeal. First, *Hamilton* v. *Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982), is distinguished by the fact that, in *Jeffrey*, the statute of limitation question that was the subject of the appeal was plainly in issue at the administrative law judge level and throughout the proceedings. In the case at bar, no question of the constitutionality of the Commission's review procedure arose until the Commission's decision was rendered. Second, although we have held that the Commission has the authority to grant petitions for reconsideration, no explicit statutory authority exists for this procedure, *Morrison* v. *Tyson Foods, Inc.*, 11 Ark. App. 161, 668 S.W.2d 47 (1984), and I have found no case holding that an issue was not preserved for appeal due to the appellant's failure to petition the Commission for reconsideration.

Finally, the Commission issued its opinion in this case prior to the Supreme Court's decision in *Wade* v. *Mr. C. Cavenaugh's* 298 Ark. 363, 768 S.W.2d 521 (1989), which held, for the first time, that the Commission may rely on the administrative law judge's observations and comments concerning the claimant's demeanor, conduct, appearance, or reactions at the hearing. The appellant's due process issue is therefore particularly apropos now, when the effect of the *Wade* decision is unclear in light of the long line of cases holding that the Commission is the sole judge of a witness's credibility. Because of the manner in which this case has come before this Court, and because of the significant question presented by the appellant's argument, I would remand to the Commission for a determination of the due process question advanced by the appellant.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING DELIVERED DECEMBER 13, 1989

781 S.W.2d 751

PER CURIAM. Petition for rehearing is denied.

COOPER, J., concurring.

JAMES R. COOPER, Judge, concurring. I agree with the denial of the appellant's petition for rehearing but I write

separately because, under the circumstances of this case, I have concluded the appellant's due process argument should have been addressed rather than dismissed on the ground that he failed to preserve it. *Johnson* v. *Hux*, 28 Ark. App. 187, 191, 772 S.W.2d 362, 364 (1989) (Cooper, J., dissenting).

After a hearing before the administrative law judge, the appellant's injury was found to be compensable. However, the full Commission reversed the administrative law judge's finding and based its opinion solely on the credibility of the appellant's testimony.

The appellant contends that our statutory system which allows the Workers' Compensation Commission to make its own findings concerning the credibility of witnesses and to disregard the credibility findings of the administrative law judge denies him due process. Citing *St. Louis-San Francisco Ry. Co.* v. *Mangum*, 199 Ark. 767, 136 S.W.2d 158 (1940), the appellant asserts that, because the administrative law judge has the opportunity to observe the witnesses and the Commission only reviews a cold record, unreasonable and arbitary state action results and operates as a denial of due process.

In his brief the appellant cites a Wisconsin case which held that there may be a due process violation where the Commission's findings on credibility of witnesses is contrary to the credibility findings of the hearing examiner. *Braun* v. *Industrial Comm.*, 36 Wis.2d 48, 153 N.W.2d 81 (1967). In *Braun*, the issue of whether or not the claimant's injury arose in the course of employment depended on the testimony and credibility of the claimant. The hearing officer found the claimant not to be credible and denied benefits. However, the Commission, without benefit of live testimony, reversed and found the injury to be compensable. In finding that the Commission's actions violated due process, the Supreme Court of Wisconsin noted that the ultimate responsibility for fact finding is upon the Commission and not the examiner, and that the reviewing court's duty is to scrutinize the Commission's finding. The Court stated further, that when the Commission's findings as to credibility of the witnesses is contrary to those of the examiner, it is a denial of due process if the Commission does not have the benefit of the findings, conclusions, and impressions of the hearing officer who conducted the hearing.

However the majority of States are in accord with the

Arkansas rule that the Commission, and not the administrative law judge, is the fact-finder on matters of credibility. 3 A. Larson, *The Law of Workmen's Compensation*, § 80.12(b) (1989). Larson classifies the Wisconsin method as a "modified majority rule" because credibility is the only finding by an administrative law judge that is binding on the Commission. All other factfindings are left to the Commission under this modified rule. 3 A. Larson, *The Law of Workmen's Compensation*, § 80.12(c) (1989). Furthermore, in Arkansas, the Commission has the benefit of the Administrative Law Judge's conclusions and findings because his opinion is part of the record reviewed by the Commission. The Commission may also rely on the administrative law judge's observations and comments concerning the claimant's demeanor, conduct, appearance, or reactions at the hearing. *Wade v. Mr. C Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989).

The procedure used by the Commission must be fundamentally fair and due process requires a hearing before one's rights are adjudged, *Duggan* v. *Potlatch Forests, Inc.*, 92 Idaho 262, 441 P.2d 172 (1968), and the hearing and review by the Commission must be conducted according to the prescribed statutory law and in a reasonable manner. *Pollard* v. *Krispy Waffle #1*, 63 N.C. App. 354, 304 S.W.2d 762 (1983). Where a claimant is given appropriate notice and opportunity to be heard, it does not constitute a denial of due process for the Commission to make finding of credibility without the benefit of live testimony. *Id; see also Eastham* v. *Whirlpool Corp.*, 524 N.E.2d 23 (Ind. App. 3rd Dist., 1988). In *Bowman Transportation* v. *Arkansas-Best Freight*, 419 U.S. 281 (1974), the United States Supreme Court held that, in matters of credibility, an agency is not bound by the findings of its hearing examiners.

In Arkansas, it is the Commission's duty to make findings of fact and to assess the credibility of witnesses. In exercising this duty, the Commission may hear the parties, their representatives and witnesses, Ark. Code Ann. § 11-9-704(b)(6) (1987), permit the introduction of additional evidence, Ark. Code Ann. § 11-9-705(c); study briefs in pending cases; Rules of the Commission, Rule 18; or hear oral arguments if requested by either the parties or the Commission; Rules of the Commission, Rule 17. Clearly the legislature and the Commission have provided statutes and

Rules which provide a claimant with several opportunities to be heard without harming the purpose of speedy recovery. I believe that the procedure used in Arkansas does not violate due process.

MAYFIELD, J., joins in this opinion.