Roger WOODS *v.* BEST WESTERN, Employer;
Liberty Mutual Insurance, Insurance Carrier

CA 90-101                                      799 S.W.2d 565

Court of Appeals of Arkansas
Division II
Opinion delivered November 21, 1990

*McDaniel & Wells, P.A.*, by: *John Barttelt*, for appellant.

*Penix, Penix & Lusby*, for appellee.

JAMES R. COOPER, Judge. The appellant in this worker's compensation case sustained a compensable back injury in 1987 while employed by the appellee. The appellee acknowledged that the appellant's injury was compensable and paid temporary total disability benefits and medical bills, but controverted the appellant's claims for permanent partial disability and wage loss benefits. On May 24, 1989, a hearing was held before an administrative law judge (ALJ) wherein the ALJ found that the appellant sustained a five percent anatomical rating to the body as a whole and a ten percent wage loss disability. The appellee appealed to the full Commission and the Commission reversed the ALJ's decision. From the Commission's decision, comes this appeal.

On appeal, the appellant raises two points for reversal. He contends that there is no substantial evidence to support the Commission's finding that no objective physical criteria exists to justify the ALJ's award of permanent partial disability and wage loss benefits. He also contends there is no substantial evidence to support the denial of wage loss benefits. We do not reach the merits of the issues raised in this case because we have concluded that it must be remanded.

In its opinion the Commission characterizes the issue as follows: "The issue on appeal before this Commission is whether the Administrative Law Judge erred in finding that the claimant had a permanent physical impairment equal to five percent to the body as a whole based upon the statements made by Dr. Tonymon." This is an erroneous assessment of the issues before the Commission. When a determination of an ALJ is appealed to the Commission, the Commission does not sit as an appellate court to review the ALJ's findings; instead, the Commission makes a *de novo* determination of the facts. *See Johnson v. Hux*, 28 Ark. 187, 772 S.W.2d 362 (1989). It is the Commission's duty to make findings in accordance with the preponderance of the evidence; and it is not its function to determine whether there is substantial evidence to support the findings of the ALJ. *Id*. Although the Commission's order recites that it made its decision after a *de novo* review of the entire record, it is apparent that the decision was not based on such a review. Not only does the Commission fail to make a *de novo* determination on the issue of permanent partial disability, it also fails to consider the record as a whole. The Commission based its findings on the testimony of only one witness. It failed to consider and weigh the other evidence in an attempt to determine the preponderance of the evidence. *See* Ark. Code Ann. § 11-9-704 (c)(2) (1987).

From our review of the record the Commission failed to view the evidence *de novo* and make its findings based on the record as a whole. We therefore remand this case to the Commission for proceedings not inconsistent with this opinion.

Reversed and remanded.

CRACRAFT and MAYFIELD, JJ., agree.