OSAGE OIL AND TRANSPORTATION INC.
*v.* CITY OF FAYETTEVILLE

76-72                                    541 S.W. 2d 922

Opinion delivered October 4, 1976
[Rehearing denied November 8, 1976.]

*Esther M. White*, for appellant.

*James N. McCord*, for appellee.

CONLEY BYRD, Justice. The appellant, Osage Oil and Transportation, Inc., contends by this appeal that Section

17B-4(c) of Ordinance No. 1893[1] of the City of Fayetteville is unconstitutional because it provides for summary removal of signs upon an *ad hoc* determination by the City's Building Inspector that a particular sign is unlawfully maintained. In support of its contentions, appellant relies upon *McLean v. Fort Smith,* 185 Ark. 582, 48 S.W. 2d 228 (1932). The City of Fayetteville on the other hand relies upon our decisions in *McKibbin v. Fort Smith,* 35 Ark. 352 (1880) and *Harvey v. De Woody,* 18 Ark. 252 (1856), which permit summary action by a city when no factual dispute is involved.

In the trial court appellant stipulated that it did not obtain the permit required by the sign ordinance to erect its sign and that the sign otherwise violated the sign ordinance because of the size and set back restrictions in the ordinance. Since appellant readily admits that its sign as erected is in violation of the sign ordinance, we affirm the judgment upon the basis set forth in *McKibbin v. Fort Smith* and *Harvey v. De Woody, supra,* without reaching the constitutional issue raised by appellant. This is in accord with our long standing rule that we will not pass upon constitutional questions if the litigation can be determined without doing so, *Searcy County v. Stephenson,* 244 Ark. 54, 424 S.W. 2d 369 (1968).

Appellant also suggests that Section 17B-4(c) of Ordinance 1893 of the City of Fayetteville is ultra vires because the penalty provisions set forth in Ark. Stat. Ann. § 19-2829(h) are exclusive. We find no merit in this contention because Ark. Stat. Ann. § 19-2831 provides:

"This Act [§§ 19-2825 — 19-2831] shall be construed liberally. The enumeration of any object, purpose, power, manner, method, or thing shall not be deemed to exclude like or similar objects, purposes, powers, manners, methods, or things."

Appellee has abstracted additional portions of the record and now contends that it is entitled to recover the costs thereof. We deny this request for two reasons:

---

[1]We upheld the validity of this sign ordinance in *Board of Adjustment of Fayetteville v. Osage Oil and Transportation, Inc.,* 258 Ark. 91, 522 S.W. 2d 836 (1975). Appellant erected the sign between the date of the trial court's judgment and our reversal but no vested rights were acquired thereby.

(1)   the abstract of the appellant was sufficient to present the issue upon which it relied; and

(2)   appellee neglected to tell this court the amount of the actual costs or time spent in abstracting the additional portions of the record.

Affirmed.

We agree: HARRIS, C.J., and HOLT and ROY, JJ.