INTERNATIONAL PAPER COMPANY *v.*
Ezekiel McBRIDE

CA 84-188                                      678 S.W.2d 375

Court of Appeals of Arkansas
Division I
Opinion delivered October 31, 1984

*Bridges, Young, Matthews, Holmes & Drake,* for appellant.

*Baim, Gunti, Mouser, Bryant & DeSimone,* for appellee.

DONALD L. CORBIN, Judge. Appellee, Ezekiel McBride, was adjudicated permanently and totally disabled as a result of an injury to his lower back while employed by the appellant, International Paper Company. Now the matter is back before us because appellant is controverting the lump sum award of attorney's fees to appellee's attorney.

Appellant's first argument that we must address concerns the question raised by his counsel as to whether Ark. Stat. Ann. § 81-1332.1 (Supp. 1983) of the Arkansas Workers' Compensation Act, providing for lump sum award of attorneys' fees is inconsistent with Ark. Stat. Ann. § 81-1332 (Supp. 1983), and therefore void.

The emergency clause found in Act 215 of 1979, codified at Ark. Stat. Ann. § 81-1332.1, makes it clear that the legislature was aware of the provisions of § 81-1332 in regard to attorneys' fees. With this knowledge the legislature passed Act 215 to address what it saw as a gap left by § 81-1332. Section 5 of Act 215 reads in pertinent part:

[T]hat the scope of the Commission's authority

to award attorney's fees on a lump sum basis is unclear and must be immediately clarified. Therefore an emergency is hereby declared to exist. . . .

Obviously, the legislature intended the two sections, § 81-1332 and § 81-1332.1, to be read in conjunction with one another and saw no conflict between the two statutes. The legislature felt strongly that the Commission should be able to award lump sum attorneys' fees. Had the legislature perceived any conflict between the statute they enacted to accomplish this and the old statute, they would have undoubtedly repealed § 81-1332.

We have spoken to this issue previously in *Aluminum Company of America* v. *Neal,* 4 Ark. App. 11, 626 S.W.2d 620 (1982). Judge Tom Glaze writing for a majority of the Court stated:

Prior to the enactment of Act 215, many instances existed where the claimant's attorney received his or her compensation installments on the same schedule benefits were paid the claimant. Since an individual claimant or beneficiary might die or remarry prior to the projected time set forth in the tables, attorneys in these instances would fail to receive full payment for their services. The language in the emergency clause of Act 215, i.e., Section 3 *supra,* clearly reflects that the Arkansas General Assembly enacted Act 215 to remedy this problem.

Appellant argues that § 81-1332.1 is unconstitutional in that it violates the equal protection and due process clauses of the Fourteenth and Fifth Amendments to the United States Constitution.

The equal protection clause of the Fourteenth Amendment has been interpreted to mean that similar individuals in similar circumstances will be dealt with in a similar manner. There is nothing in the language of § 81-1332.1 to indicate that any individual or group of individuals is to be singled out for different treatment under similar circumstances. Section 81-1332.1 is a facially

neutral statute and in no way violates the equal protection clause of the Fourteenth Amendment. Appellants present several hypothetical situations in which they allege § 81-1332.1 could be discriminatorily applied; however, the record is totally devoid of any evidence to support an argument that the statute has been applied discriminatorily. Absent such evidence, we cannot address this issue.

Appellant argues that § 81-1332.1 violates the due process clause of the Fifth Amendment because the Commission's discretion in awarding lump sum attorneys' fees can never be challenged due to the statute's lack of guidelines. We believe appellant misunderstands the nature of the protection provided by the Fifth Amendment.

The due process clause of the Fifth Amendment, applicable to the states by the Fourteenth Amendment, provides in part that no one shall be deprived of property without due process of law. Appellants below were afforded a hearing before the Commission to determine whether a lump sum attorney's fee would be awarded. This hearing provided appellant due process of law in regard to the award of a lump sum attorney's fee.

Appellants argue that the statute fails to set forth guidelines for awarding lump sum attorney's fees. We must disagree. The plain language of the statute authorizes the Commission to award lump sum attorney's fees. No limitations are set forth because none were apparently intended. We must assume that the legislature intended to authorize the Commission to award such fees in any or all cases. Thus the statute's guidelines are discernible; lump sum attorneys' fees can be awarded in any or all cases. Any complaint that the Commission has exercised their authority to award lump sum attorneys' fees discriminatorily must be raised under the equal protection clause and supported by the record.

The Workers' Compensation Commission declined to rule on the constitutionality of § 81-1332.1 when the issue was raised before them. As we have said before in

*Hamilton* v. *Jeffrey Stone Co.,* 6 Ark. App. 333, 641 S.W.2d 723 (1982), and in *Swafford* v. *Tyson Foods, Inc.,* 2 Ark. App. 343, 621 S.W.2d 862 (1981), the constitutionality of a statute must be raised at the Commission level; however, the ultimate decision upon a statute's constitutionality can only be decided by a court of law. Arkansas Constitution, Article VII, § 1. The constitutionality of the statute was properly raised below and we find the statute to be constitutional.

Affirmed.

COOPER, J., agrees.

MAYFIELD, J., concurs.