Frank QUINN, Deceased *v.* WEBB WHEEL

CA 95-146                                        915 S.W.2d 740

Court of Appeals of Arkansas
Division II
Opinion delivered March 6, 1996
[Supplemental Opinion on Granting of Rehearing
delivered June 5, 1996.*]

---

* PITTMAN, COOPER, ROGERS, and GRIFFEN, JJ., agree; ROBBINS, J., concurs.

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Michael H. Mashburn*, for appellee.

JOHN F. STROUD, JR., Judge. This is an appeal from an order of the Workers' Compensation Commission finding that appellant's death constituted new evidence to be considered in determining the propriety of awarding a lump-sum payment pursuant to Ark. Code Ann. § 11-9-804 (Supp. 1993).[1]

Appellant sustained a compensable back injury on November 23, 1991, and was awarded permanent partial disability benefits by the administrative law judge in the amount of forty-four percent to the body as a whole in an order dated January 7, 1993. That order was affirmed on appeal to the Commission on June 22, 1993. On September 28, 1993, appellant requested that the remaining portion of the permanent partial disability benefits be paid in a lump sum pursuant to Ark. Code Ann. § 11-9-804(a) (Supp. 1993), and a hearing on that request was held on January 3, 1994.

In his opinion dated January 13, 1994, the ALJ found that it was in appellant's best interest to receive a lump sum. He also found that, because appellant was suffering from terminal cancer, special circumstances existed under Ark. Code Ann. §11-9-804(b) (Supp. 1993) which required him to make a determination of appellant's probable life span and reduce the amount of benefits awarded to reflect the likelihood that the appellant would not live to collect the full amount of benefits if they had been awarded weekly. After reviewing the medical evidence, the ALJ determined that appellant was unlikely to survive more than sixty weeks. The ALJ made a lump-sum award of sixty weeks of benefits discounted at ten percent compounded annually.

On February 1, 1994, the appellant died, and the appellee appealed the award of a lump-sum payment to the full Commis-

---

[1] Although this appeal was filed in appellant's name, it was filed subsequent to his death.

sion on February 14, 1994, asking the Commission to reverse the ALJ's award of a lump-sum payment and to remand for the taking of additional evidence pursuant to Ark. Code Ann. §11-9-704(b)(7) (Supp. 1993). The Commission remanded the case to the ALJ and instructed him to conduct a hearing to consider new evidence, the fact that appellant had died, in assessing the amount and propriety of the lump-sum payment.

■ The Commission is vested with discretion in determining whether and under what circumstances a case appealed to them should be remanded for the taking of additional evidence, and that discretion will not be lightly disturbed on appeal. *Roberts-McNutt, Inc.* v. *Williams*, 15 Ark. App. 240, 691 S.W.2d 887 (1985). From our review of the record we cannot say that the Commission abused its discretion in remanding the case for the taking of additional evidence.

The ALJ found that appellant's right to permanent disability benefits previously awarded terminated with his death on February 1, 1994, pursuant to Ark. Code Ann. § 11-9-704(e) (Supp. 1993), which provides that "[n]o compensation for disability of an injured employee shall be payable for any period beyond his death." He also found that appellant was not entitled to a lump-sum payment because he had been paid weekly and the payments were current at the time of his death; thus, there were no "future payments of compensation" on which to compute a lump-sum award. On appeal, the full Commission affirmed and adopted the ALJ's opinion.

Appellant has raised only two points on appeal: (1) that the Commission erred in remanding the case to the ALJ to consider appellant's death as new evidence and (2) that the case must be reversed because the composition of the Workers' Compensation Commission violated his due process rights. We disagree and affirm.

■ Appellant's first contention fails because the Commission is authorized to take testimony by deposition or other means under Ark. Code Ann. § 11-9-207(a)(10) or to remand the matter to the ALJ for the purpose of taking additional evidence under Ark. Code Ann. § 11-9-704(b)(7). *Thornton* v. *Bruce*, 33 Ark. App. 31, 800 S.W.2d 723 (1990). Arkansas Code Anno-

tated § 11-9-704(b)(7) provides:

> The full commission may remand to a single member of the commission or administrative law judge any case before the full commission for the purpose of taking additional evidence.

Under the prior version of the Workers' Compensation statutes which were identical to those in force today, we established a four-part test that must be satisfied before the Commission can remand a case for additional evidence. In *Haygood* v. *Belcher*, 5 Ark. App. 127, 633 S.W.2d 391 (1982), we stated that the following are prerequisites for remand by the full Commission on proffer to present newly discovered evidence: (1) the newly discovered evidence must be relevant; (2) it must not be cumulative; (3) it must change the result; and (4) the party seeking to introduce the evidence must be diligent.

The Commission addressed this test in its opinion and found that all the elements were satisfied. Appellant's representative contends that the fact of appellant's death is not relevant because the only evidence that should be considered is the evidence that existed at the time the ALJ made his decision. This is simply not the law. The period for appeal had not yet expired, and the Commission was free to further develop the record pursuant to Ark. Code Ann. § 11-9-704(b)(7)(1987).

It is clear that the fact of appellant's death was relevant upon remand. Once the ALJ found that appellant should be granted a lump-sum award, he was required to determine the amount of future payments of compensation under the statute. In doing so, he was required to assess the probability of death of the injured employee pursuant to Ark. Code Ann. § 11-9-804(b). Because he found that special circumstances existed that required him to deviate from the American Experience Table of Mortality, the ALJ was required to make an independent assessment of appellant's probable life span. Clearly, the actual life span is the best evidence that could be acquired on this issue. Thus, it was relevant.

For his second point, appellant challenges the constitutionality of Ark. Code Ann. § 11-9-201 (1987), which provides for the appointment of three members of the Workers' Compensa-

tion Commission. Subsection (a)(1) of the statute requires that one member appointed to the Commission must be classified as a representative of employers, and subsection (a)(2) requires that one member be classified as a representative of employees. The third member, who is to be chairman of the Commission, is not required to have any type of affiliation. It is appellant's contention that the fact that two of the commissioners are chosen on the basis that they have a bias toward one side in workers' compensation cases violates due process. We do not address this contention because appellant has failed to preserve the issue for appeal.

■ The record in this case does not show that the appellant ever obtained a ruling on the constitutionality of the statute from the Commission. This court established in *Hamilton* v. *Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982), that constitutional questions must first be presented to the ALJ or the Commission before we can reach the issue on appeal. The reason for the rule is that "[c]onstitutional questions often require an exhaustive analysis which is best accomplished by an adversary proceeding." *Id.* In this case, appellant's counsel purported to raise the constitutional issue at the commission level by writing a letter to the ALJ and by including it in his notice of appeal to the full Commission. However, he neither developed the argument nor obtained a ruling from the Commission. As stated by the Arkansas Supreme Court in *Todd* v. *Shrum*, 302 Ark. 83, 787 S.W.2d 240 (1990):

> Although it may be argued that this issue was raised during the proceedings, we do not consider it on appeal since the matter was not brought to the attention of the trial court for ruling. The burden to obtain a ruling is on the movant, and questions left unresolved are waived, and may not be relied upon on appeal.

Thus, the issue of the constitutionality of the statute is not properly before us, and we cannot address the merits of this point.

Affirmed.

GRIFFEN, J., agrees; COOPER, J., concurs.

JAMES R. COOPER, Judge, concurring. I reluctantly concur in the decision of the Court. Although I agree that we have arrived at the result that the law requires, I write separately to

point out that the law, as presently formulated, is unjust in mandating the result we reach.

The employee in the case at bar, suffering from a non-work-related fatal disease, sought and obtained a lump-sum settlement. To permit the record to be reopened after the award was made can only prompt employers and insurers to delay such proceedings. Perhaps this is a matter which should be addressed by the legislature.

## SUPPLEMENTAL OPINION
## ON GRANTING OF REHEARING
## JUNE 5, 1996

923 S.W.2d 287

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Michael H. Mashburn*, for appellee.

JOHN F. STROUD, JR., Judge. This is an appeal from an order of the Workers' Compensation Commission finding that appellant's death constituted new evidence to be considered in determining the propriety of awarding a lump-sum payment pursuant to Ark. Code Ann. § 11-9-804 (1987).[1]

---

[1] Although this appeal was filed in appellant's name, it was filed subsequent to his death.

Appellant sustained a compensable back injury on November 23, 1991, and was awarded permanent partial disability benefits by the administrative law judge in the amount of forty-four percent to the body as a whole in an order dated January 7, 1993. That order was affirmed on appeal to the Commission on June 22, 1993. On September 28, 1993, appellant requested that the remaining portion of the permanent partial disability benefits be paid in a lump sum pursuant to Ark. Code Ann. § 11-9-804(a) (1987), and a hearing on that request was held on January 3, 1994.

In his opinion dated January 13, 1994, the ALJ found that it was in appellant's best interest to receive a lump sum. He also found that, because appellant was suffering from terminal cancer, special circumstances existed under Ark. Code Ann. §11-9-804(b) which required him to make a determination of appellant's probable life span and reduce the amount of benefits awarded to reflect the likelihood that the appellant would not live to collect the full amount of benefits if they had been awarded weekly. After reviewing the medical evidence, the ALJ determined that appellant was unlikely to survive more than sixty weeks. The ALJ made a lump-sum award of sixty weeks of benefits discounted at ten percent compounded annually.

On February 1, 1994, the appellant died, and the appellee appealed the award of a lump-sum payment to the full Commission on February 14, 1994, asking the Commission to reverse the ALJ's award of a lump-sum payment and to remand for the taking of additional evidence pursuant to Ark. Code Ann. §11-9-704(b)(7). The Commission remanded the case to the ALJ and instructed him to conduct a hearing to consider new evidence, the fact that appellant had died, in assessing the amount and propriety of the lump-sum payment.

The ALJ found that appellant's right to permanent disability benefits previously awarded terminated with his death on February 1, 1994, pursuant to Ark. Code Ann. § 11-9-704(e), which provides that "[n]o compensation for disability of an injured employee shall be payable for any period beyond his

death." He also found that appellant was not entitled to a lump-sum payment because he had been paid weekly and the payments were current at the time of his death; thus, there were no "future payments of compensation" on which to compute a lump-sum award. On appeal, the full Commission affirmed and adopted the ALJ's opinion.

Appellant contends that the Commission erred in remanding the case to the ALJ to consider appellant's death as new evidence and that the case must be reversed because the composition of the Workers' Compensation Commission violated his due process rights. We affirm the Commission's decision to remand the case to the ALJ to take new evidence, but remand appellant's constitutional argument to the Commission.

█ Appellant's first contention fails because the Commission is authorized to take testimony by deposition or other means under Ark. Code Ann. § 11-9-207(a)(10) or to remand the matter to the ALJ for the purpose of taking additional evidence under Ark. Code Ann. § 11-9-704(b)(7). *Thornton* v. *Bruce*, 33 Ark. App. 31, 800 S.W.2d 723 (1990). Arkansas Code Annotated § 11-9-704(b)(7) provides:

> The full commission may remand to a single member of the commission or administrative law judge any case before the full commission for the purpose of taking additional evidence.

Under the prior version of the Workers' Compensation statutes which were identical to those in force today, we established a four-part test that must be satisfied before the Commission can remand a case for additional evidence. In *Haygood* v. *Belcher*, 5 Ark. App. 127, 633 S.W.2d 391 (1982), we stated that the following are prerequisites for remand by the full Commission on proffer to present newly discovered evidence: (1) the newly discovered evidence must be relevant; (2) it must not be cumulative; (3) it must change the result; and (4) the party seeking to introduce the evidence must be diligent.

█ The Commission addressed this test in its opinion and found that all the elements were satisfied. Appellant's representative contends that the fact of appellant's death is not relevant because the only evidence that should be considered is the evidence that existed at the time the ALJ made his decision. This is simply not the law. The period for appeal had not yet expired, and the Commission was free to further develop the record pursuant to Ark. Code Ann. § 11-9-704(b)(7)(1987).

█ It is clear that the fact of appellant's death was relevant upon remand. Once the ALJ found that appellant should be granted a lump-sum award, he was required to determine the amount of future payments of compensation under the statute. In doing so, he was required to assess the probability of death of the injured employee pursuant to Ark. Code Ann. § 11-9-804(b). Because he found that special circumstances existed that required him to deviate from the American Experience Table of Mortality, the ALJ was required to make an independent assessment of appellant's probable life span. Clearly, the actual life span is the best evidence that could be acquired on this issue. Thus, it was relevant.

█ The Commission is vested with discretion in determining whether and under what circumstances a case appealed to them should be remanded for the taking of additional evidence, and that discretion will not be lightly disturbed on appeal. *Roberts-McNutt, Inc.* v. *Williams*, 15 Ark. App. 240, 691 S.W.2d 887 (1985). From our review of the record we cannot say that the Commission abused its discretion in remanding the case for the taking of additional evidence.

For his second point, appellant challenges the constitutionality of Ark. Code Ann. § 11-9-201 (1987), which provides for the appointment of three members of the Workers' Compensation Commission. Subsection (a)(1) of the statute requires that one member appointed to the Commission must be classified as a representative of employers, and subsection (a)(2) requires that

one member be classified as a representative of employees. The third member, who is to be chairman of the Commission, is not required to have any type of affiliation. It is appellant's contention that the fact that two of the commissioners are chosen on the basis that they have a bias toward one side in workers' compensation cases violates due process. In our original opinion in this case, *Quinn* v. *Webb Wheel*, 52 Ark. App. 208, 915 S.W.2d 740 (1996), we declined to address this contention because appellant did not preserve the issue for appeal because he failed to obtain a ruling on the issue from the Commission.

■ We grant appellant's petition for rehearing on this issue because of our holding today in *Green* v. *Smith & Scott Logging*, 54 Ark. App. 53, 922 S.W.2d 746 (1996). In *Green* we upheld the position taken in our original opinion in this case that a party must obtain a ruling from the Commission on constitutional issues to preserve them for appeal. However, we made that holding prospective only because the Commission was under the misapprehension that it had no authority to rule on constitutional matters due to our holding in *International Paper Co.* v. *McBride*, 12 Ark. App. 400, 678 S.W.2d 375 (1984). Thus, consistent with our holding in *Green*, we remand appellant's constitutional challenge to the Commission for further proceedings consistent with this opinion.

Affirmed in part, remanded in part.

PITTMAN, COOPER, ROGERS, and GRIFFEN, JJ., agree.

ROBBINS, J., concurs for the reasons set forth in his concurring opinion in *Green* v. *Smith & Scott Logging*, 54 Ark. App. 53, 922 S.W.2d. 746 (1996).