## Calvin GREEN *v.* SMITH & SCOTT LOGGING

CA 95-724                                           922 S.W.2d 746

Court of Appeals of Arkansas
En Banc
Opinion delivered June 5, 1996

*Denver L. Thornton*, for appellant.

*Boswell, Tucker & Brewster*, by: *W. Lee Tucker*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case sustained a scheduled injury resulting in 10% impairment to his left arm. He filed a workers' compensation claim seeking benefits for permanent total disability. In addition, he argued that the denial of wage-loss benefits in scheduled injury cases where less than total disability is sustained is an unconstitutional denial of equal protection. The Commission found that the appellant failed to prove that he was permanently and totally disabled, but did not rule on the constitutional issue. From that decision, comes this appeal.

For reversal, the appellant contends that the denial of wage-loss benefits in scheduled injury cases is violative of the Equal Protection Clause of the Fourteenth Amendment of the United

States Constitution. We remand for the Commission to consider the constitutional issue raised by the appellant.

■ We have consistently held that constitutional issues must be raised before the Commission in order to preserve them for appeal to this Court. *See, e.g., Shaw* v. *Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991); *Johnson* v. *Hux*, 28 Ark. App. 187, 772 S.W.2d 362 (1989); *International Paper Co.* v. *McBride*, 12 Ark. App. 400, 678 S.W.2d 375 (1984). The cases have not, however, been consistent with regard to the Commission's authority and duty to decide such constitutional issues. In *International Paper Co.* v. *McBride, supra,* we decided the constitutional question although the Commission had declined to rule on the issue when it was raised before them. In *Quinn* v. *Webb Wheel*, 52 Ark. App. 208, 915 S.W.2d 740 (1996), we held that it was necessary to obtain a ruling on the constitutional issue from the Commission in order to preserve the question for appellate review.

· ■ We think it important to clarify, for the benefit of the Commission and the bar, the manner in which constitutional issues are to be preserved for review by this Court. We have observed that constitutional issues which have been raised before but not decided by the Commission are often presented to us in an unfocused state, devoid of the factual development necessary for decision. Consequently, we hold that the Commission is required to rule on constitutional questions that are properly before it.

This procedure was tacitly approved by the Arkansas Supreme Court in *Hamilton* v. *Jeffrey Stone Co.*, 293 Ark. 499, 739 S.W.2d 161 (1987). We believe that requiring the Commission to decide constitutional issues will ensure that the Commission takes a "hard look" at the question, thereby giving us the benefit of its experience and expertise. *See Sierra Club* v. *Robertson*, 784 F.Supp. 593 (W.D. Ark. 1991), *aff'd* 28 F.3d 753 (8th Cir. 1994). Such a requirement would also serve the important purpose of presenting us with fact-findings sufficient to permit the constitutional issues to be decided. This will prevent many needless remands, in keeping with our policy of discouraging piecemeal appeals in workers' compensation case. *See, e.g., Baldor Electric Co.* v. *Jones*, 29 Ark. App. 80, 777 S.W.2d 586 (1979).

■ Because of the inconsistencies in our prior decisions regarding the need to obtain a ruling from the Commission in order

to preserve a constitutional issue for appeal, we think it would be unduly harsh to impose our ruling retrospectively. Therefore, we do not affirm for lack of a ruling, but instead we remand to the Commission for such further proceedings as it deems necessary consistent with this opinion.

Remanded.

PITTMAN, MAYFIELD, STROUD, and GRIFFEN, JJ., agree.

ROBBINS, J., concurs in the result.

JOHN B. ROBBINS, Judge, concurring. I concur with the majority opinion that this matter should be remanded to the Commission. However, I believe that we err in directing the Commission to rule on the constitutionality of a state statute, Ark. Code Ann. § 11-9-521.

In *International Paper Co. v. McBride*, 12 Ark. App. 400, 678 S.W.2d 375 (1984), the appellant challenged the constitutionality of a section of the Arkansas Workers' Compensation Act. The Commission declined to rule on the constitutionality issue, and on appeal to us we said:

> [T]he constitutionality of a statute must be raised at the Commission level; however, the ultimate decision upon a statute's constitutionality can only be decided by a court of law. Arkansas Constitution, Article VII, § 1.

12 Ark. App. at 404.

This limitation on the Commission's power is consistent with the general rule that:

> [A]dministrative officers and agencies...have no power or authority to consider or question the constitutionality of an act of the legislature, such as their own enabling legislation, and may not declare unconstitutional the statutes which they are empowered to administer or enforce.

*Lincoln v. Arkansas Public Service Comm.*, 40 Ark. App. 27, 39, 842 S.W.2d 51, 57 (1992), *quoting* from 73 C.J.S. *Public Administrative Law & Procedure* § 65 (1983).

The Wyoming Supreme Court expressed the principle as follows:

We hold that an administrative agency has no authority to determine the constitutionality of a statute. *Yakima County Clean Air Authority* v. *Glascam Builders, Inc.*, 1975, 85 Wash.2d 255, 534 P.2d 33, 34; *Flint River Mills* v. *Henry*, 1975, 234 Ga. 385, 216 S.E.2d 895, 896–897; *Herrick* v. *Kosydar*, 1975, 44 Ohio St.2d 128, 339 N.E.2d 626, 628; *Bare* v. *Gorton*, 1974, 84 Wash.2d 380, 526 P.2d 379; *Kunzig* v. *Liquor Control Commission*, 1950, 327 Mich. 474, 42 N.W.2d 247; *Central Ohio Cooperative Milk Producers, Inc.* v. *Glander*, Ohio BTA 1949, 92 N.E.2d 834; *Montana Chapter of Association of Civilian Technicians, Inc.* v. *Young*, 9th Cir. 1975, 514 F.2d 1165, 1167; *Finnerty* v. *Cowen*, 2nd Cir. 1974, 508 F.2d 979, 982; *Downen* v. *Warner*, 9th Cir. 1973, 481 F.2d 642, 643; *Simpson* v. *Laprade*, U.S.D.C., W.D.Va.1965, 248 F.Supp. 399, 401; *Panitz* v. *District of Columbia*, 1940, 72 App.D.C. 131, 112 F.2d 39; 3 K. Davis, Administrative Law Treatise, § 20.04 (1958). This is so whether the question is the constitutionality of the statute per se or the constitutionality of the statute as applied.

*Belco Petroleum Corp.* v. *State Board of Equalization*, 587 P.2d 204, 213 (Wyo. 1978). *And see City of Joplin* v. *Industrial Commission of Missouri*, 329 S.W.2d 687 (Mo. 1959).

Although the ultimate decision on the constitutionality of a provision within the worker's compensation law is a question of law for our court, such determination is not made in isolation from the relevant facts which frame the legal issue. We, however, cannot make factual findings and are dependent on the Commission for the exercise of this function. The Commission has a duty and statutory obligation as fact-finder to make specific findings of fact based on the record as a whole. *Wilson* v. *Cargill, Inc.*, 45 Ark. App. 174, 873 S.W.2d 171 (1994). In order for us to decide a constitutional issue arising in the context of a workers' compensation appeal, the Commission must have decided the foundational facts necessary to frame the question of law.

The instant case presents an example of the need for fact finding preliminary to an ultimate decision on the constitutionality of a statute. The appellant contends that he suffered a scheduled injury and a wage loss. He argues that he was denied equal protection under the Fourteenth Amendment because workers who suffer unscheduled injuries may also recover for wage loss yet he is denied

wage loss because he suffered a scheduled injury. Appellant does not have standing to raise this constitutional issue unless he, as a matter of fact, has suffered a wage loss. The Commission made no finding as to whether appellant has or has not suffered wage loss. Consequently, we lack a foundational fact that must be ascertained before we can address the question of law.

I would remand this case to the Commission for it to make such findings of fact as are necessary for us to decide the constitutional issue. I would not, however, cause Arkansas to become the solitary American jurisdiction which *requires* a state agency to rule upon the constitutionality of a state statute.