## Andre JEFFERSON *v.* MUNSEY PRODUCTS, INC.

CA 95-1347                                              930 S.W.2d 396

### Court of Appeals of Arkansas
#### Division I
#### Opinion delivered October 23, 1996

*Walker, Campbell, Ivory, Dunklin, & Davis,* by: *Sheila F. Campbell,* for appellant.

*Laser, Wilson, Bufford & Watts, P.A.,* by: *Frank B. Newell,* for appellee.

STEELE HAYS, Special Judge. The appellant appeals from a decision of the Workers' Compensation Commission finding that he failed to prove that he sustained a compensable injury. On appeal, the appellant argues that the Commission's decision is not supported by substantial evidence and that Arkansas Code Annotated § 11-9-102(5)(B)(iv)(b) (Repl. 1996) violates his constitutional right to equal protection and due process. The Commission did not rule on the constitutionality of the statute; thus, we remand for the Commission to consider the constitutional issue raised by the appellant. *See Green* v. *Smith & Scott Logging,* 54 Ark. App. 53, 922 S.W.2d 746 (1996).

The appellant was injured on April 6, 1994, while working as a die-cast machine operator for the appellee. His injury resulted in the amputation of several of his fingers. A subsequent drug test revealed positive results for the presence of marijuana and cocaine.

Arkansas Code Annotated § 11-9-102(5)(B)(iv)(b) provides:

> The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

Pursuant to the statute, the Commission found that the appellant failed to overcome the rebuttable presumption that his injury was substantially occasioned by the use of illegal drugs.

■ Constitutional issues must be raised before the Commission in order to preserve them for appeal. *Green, supra.* The appellant challenged the constitutionality of the statute before the Commission; however, the Commission determined that the issue could only be decided by a court of law. In *Green,* we clarified the manner in which constitutional issues are to be preserved for review by this Court by holding that the Commission is required to rule on constitutional questions that are properly before it. Therefore, we remand to the Commission for further proceedings consistent with this opinion.

Remanded.

NEAL and GRIFFEN, JJ., agree.