Frank QUINN (Deceased) *v.* WEBB WHEEL PRODUCTS

CA 97-219 957 S.W.2d 187

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 17, 1997
[Petition for rehearing denied January 14, 1998.]

*Tolley & Brooks, P.A.,* by: *Jay N. Tolley,* for appellant.

*Michale H. Mashburn,* for appellee.

*Winston Bryant,* Att'y Gen., by: *Leigh Anne Yeargan,* Asst. Att'y Gen., amicus curiae, for the Workers' Compensation Commission.

OLLY NEAL, Judge. This is the second appeal to this court of this workers' compensation matter. In *Quinn v. Webb Wheel,* 52 Ark. App. 208, 915 S.W.2d 740 (1996), we remanded for the Commission's consideration, the appellant's challenge to the constitutionality of Ark. Code Ann. § 11-9-201 (Repl. 1996). On remand, the Commission held that the composition of the Commission does not deny claimants due process of law. In the present appeal, appellant contends that Ark. Code Ann. § 11-9-201, must be found unconstitutional because the manner in which the Workers' Compensation Commission members are chosen denies litigants due process of law. For reasons discussed herein, we hold that Ark. Code Ann. § 11-9-201 is constitutional.

Appellant argues that the Commission should be abolished because at least two members are not impartial and independent, but instead are aligned and identified with respective interests. The Arkansas Workers' Compensation Commission is comprised

of three members who are appointed by the Governor for terms of six years, and are required to devote their entire time to the duties of the Commission. Ark. Code Ann. § 11-9-201(a) (Repl. 1996). One member must have been an attorney who has represented employers in workers' compensation matters for at least five years or an individual who has been an employer; one member must have represented employees for at least five years in workers' compensation matters; and the third member, the chairman of the Commission, must have been engaged in the active practice of law in the State of Arkansas for five years preceding his appointment. *See* Ark. Code Ann. § 11-9-201(a)(1)(2)(3) (Repl. 1996).

Appellant argues that the statute creating the Workers' Compensation Commission is unconstitutional because the affiliation of the commissioners to certain interests is violative of the Due Process Clauses of both the Arkansas and United States Constitutions. This argument assumes that at least two Commission members have inherent prejudices or biases stemming from their former business relationships. The particular issue is heretofore undecided by our courts. Therefore, we must look to other courts for guidance in this matter.

■ ■ The United States Supreme Court has identified three factors to be considered when determining what type of due process is warranted. *See Matthews v. Eldridge*, 424 U.S. 319 (1976). The factors to be considered are (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the government's interest, including fiscal and administrative burdens that the additional or substitute procedures would entail. *Id.* at 332. We have no difficulty in declaring that the private interest in workers' compensation disability benefits is considerable. Nor do we hesitate in concluding that additional or substitute procedures would not be unduly burdensome. However, even though additional procedures would not be unduly burdensome, appellant has failed to show that they would provide any additional protections. We therefore focus on the second *Matthews* factor, i.e., the risk of an erroneous deprivation of the protected interest through the procedures used.

 We begin with the premise that an adjudicator is presumed to be unbiased, and to overcome that presumption, a litigant must make a showing of a conflict of interest or some other specific reason for disqualification. *See Withrow v. Larkin*, 421 U.S. 35, 37 (1975); *Gibson v. Berryhill*, 411 U.S. 564 (1973); *Ward v. Village of Monroeville*, 409 U.S. 57, 60 (1972). In general, the test is whether the adjudicator's situation is one that might lead him not to hold the balance [between the parties] clear and true. *Tumey v. Ohio*, 273 U.S. 510 (1927).

In *Williams v. Hofley Mfg. Co.*, 424 N.W.2d 278 (Mich. 1988), the Supreme Court of Michigan held that the fact that members of the Workers' Compensation Appeal Board are designated as representatives of employer interests, of employee interests, or of the general public, did not create pecuniary interest and, the employer was not denied due process by a hearing before a two-member interest-designed panel. The court reasoned that although members were drawn from the ranks of attorneys representing divergent interests, members were forbidden by statute from engaging in any other business or professional activity and were required to devote their entire time to performing the duties of their office. The court reasoned further, that the statutory provisions for appointment, service, and removal of members of the Workers' Compensation Appeal Board did not require that members continue to advocate interests of a designated group, much less bind members to decide cases on the basis of the views of interest groups from which they were selected, and therefore, the employer was not denied procedural due process.

 The findings made by the Commission reveal nothing that would support or indicate bias in the Commission's decisions. Similarly, there is nothing inherent in the composition of the Arkansas Workers' Compensation Commission that would make the manner in which its members are selected unconstitutional. The fact that the members of the Commission are selected based upon their status as former employers or employer representatives or as former employees or employee representatives does not in any way create the alleged inherent bias argued by appellant. The controversy seems to stem from members of the Commission being classed as representatives. Representative has been

defined as "standing or acting for another especially through delegated authority." *Webster's Ninth New Collegiate Dictionary*, 1000 (9th ed. 1990). Representative is also defined as "a typical example of a group, class, or quality." *Id.* We believe that the latter definition of "representative" more adequately expresses the true nature of the "representative" contemplated by the statute. Further, we believe that the designation of commissioners as employee or employer representative merely refers to the particularized knowledge that each commissioner possesses with respect to the divergent interests present in workers' compensation claims. Nowhere is this more clear than in the statutory requirement that commissioners have five years' experience in their respective fields to qualify for appointment to the Commission.

Members of the Commission are full-time commissioners. As such, they are required to devote their entire time to the duties of the Commission, and are not required to advocate the interests of a special group. Further, there is no pecuniary gain to. the commissioners based upon the manner in which they vote, because their salary is determined by our state legislature and not private-interest groups. *See* Ark. Code Ann. § 11-9-201(3)(b) (Repl. 1996).

██ ██ It is well settled that an act by the legislature is entitled to a presumption of constitutionality. *Golden v. Westark Community College*, 58 Ark. App. 209, 948 S.W.2d 108 (1997). The party challenging a statute has the burden of proving it unconstitutional. *See Lambert v. Baldor Elec.*, 44 Ark. App. 117, 868 S.W.2d 513 (1993). In the present case, appellant has not shown that the manner in which members of the Commission are appointed violates his due process rights.

Affirmed.

ROBBINS, CJ., and PITTMAN, JENNINGS, ROGERS, and MEADS, JJ., agree.