Billy Leon GRAHAM *v.* TURNAGE EMPLOYMENT
GROUP and Wausau Insurance Companies

98-147                                        970 S.W.2d 808

Supreme Court of Arkansas
Opinion delivered July 2, 1998

The Cortinez Law Firm, P.L.L.C., by: Robert Cortinez, for
appellant.

Anderson & Kilpatrick, by: Randy Murphy, for appellees.

ANNABELLE CLINTON IMBER, Justice.  The appellant, Billy
Leon Graham, appeals from the decision of the Workers' Compensation Commission denying him benefits for injuries he sustained in a work-related accident.  We initially granted Graham's
petition for review of the Court of Appeals' decision affirming the
Commission.  Upon further examination, we have determined
that review was improvidently granted.  Accordingly, the petition
is denied, and the Court of Appeals' decision in *Graham v. Turnage*

*Employment Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998), remains the binding ruling in this case.

On June 13, 1995, Billy Graham fell from a roof while he was working as a construction laborer for Turnage Employment Group. While being treated for his injuries at a nearby hospital, Graham submitted to a urine drug screen. An analysis performed the next day revealed that Graham's urine contained marijuana metabolites. Graham subsequently filed a claim for workers' compensation benefits. Turnage and its workers' compensation carrier, Wausau Insurance, contended that Graham's injuries were not compensable because they were "substantially occasioned by the use of . . . illegal drugs" pursuant to Ark. Code Ann. § 11-9-102(5)(B)(iv) (Supp. 1997).

During a hearing before the administrative law judge (ALJ), Graham testified that he did not smoke marijuana or use any type of illegal drugs on the day of the accident, but he admitted that he had taken "a couple of puffs" of marijuana approximately three weeks prior to the accident. Graham, however, made several contradictory statements about his prior drug use in his deposition and to a representative from Wausau Insurance. Dr. Henry F. Simmons, Jr., a toxicologist and medical doctor retained by Graham, explained that the presence of metabolites in a person's urine is both consistent and inconsistent with being under the influence of marijuana, and thus, the lab report did not prove that Graham used marijuana on the day of the accident. Dr. Simmons then testified that "under some circumstances, a urine specimen could [test] positive for weeks, if not in excess of a month" after the use of marijuana. Finally, Dr. Simmons explained that the effects of marijuana could last four to six hours.

The ALJ awarded Graham benefits because he had presented sufficient evidence to rebut the statutory presumption that his injuries were substantially occasioned by the use of illegal drugs. After conducting a *de novo* review of the record, the Workers' Compensation Commission concluded that Graham failed to rebut the statutory presumption because his testimony was "replete with contradictions and inconsistencies," and "[h]e is not

able to tell the same story twice." Accordingly, the Commission reversed the ALJ's ruling and denied Graham's request for benefits. In a split decision, the Court of Appeals affirmed the Commission's decision. *Graham v. Turnage Employment Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998).

■ We initially granted Graham's petition for review because we thought this case presented an opportunity to address when the statutory presumption created by Ark. Code Ann. § 11-9-102(5)(B)(iv) may be invoked. As acknowledged by Judge Roaf, Graham's arguments on appeal, however, "miss the mark." *Graham, supra* (Roaf, J., concurring). Instead of questioning whether a urine analysis, which can only detect the presence of non-psychoactive metabolites of marijuana, is sufficient to invoke the statutory presumption, Graham made the evidentiary arguments that the lab result was hearsay, and that the proper chain of custody had not been established. Graham also argued that the urine analysis could not detect "impairment." This argument is also misplaced because the statute only requires the "the use" of illegal drugs and not impairment. Finally, Graham argued in passing that the statutory presumption was unconstitutional. We, however, cannot address this constitutional challenge because Graham failed to raise it before the Workers' Compensation Commission. *Jefferson v. Munsey Products, Inc.*, 55 Ark. App. 105, 930 S.W.2d 396 (1996); *Green v. Smith & Scott Logging*, 54 Ark. App. 53, 922 S.W.2d 746 (1996).

■ For these reasons, we conclude that the petition for review was improvidently granted. Accordingly, we deny Graham's petition for review, and the Court of Appeals' decision in *Graham v. Turnage Employment Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998), remains the binding decision in this matter.

Petition for review denied.

CORBIN, J., not participating.