Frank QUINN (Deceased) *v.* WEBB WHEEL PRODUCTS

97-1550                                      976 S.W.2d 386

Supreme Court of Arkansas
Opinion delivered October 22, 1998

*Tolley & Brooks, P.A.,* by: *Jay N. Tolley,* for appellant.

*Michael H. Mashburn,* for appellee.

*Winston Bryant,* Att'y Gen., by: *Leigh Anne Yeargan,* Ass't Att'y Gen., for *amicus curiae* Arkansas Workers' Compensation Commission.

DONALD L. CORBIN, Justice. This case involves a constitutional challenge to the composition of the Workers' Compensation Commission as established in Ark. Code Ann. § 11-9-201 (Repl. 1996). The Commission ruled that section 11-9-201 was constitutional and that the composition of the Commission does not deny claimants their rights to due process of the law. Appellant Frank Quinn (Deceased) appealed the Commission's ruling to the Arkansas Court of Appeals, and that court affirmed the Commission's ruling. *See Quinn v. Webb Wheel Prods.,* 59 Ark. App. 272, 957 S.W.2d 187 (1997) (*Quinn II*). We granted Appellant's petition for review of that decision, pursuant to Ark. Sup. Ct. R. 1-2(e), and we affirm.

Appellant sustained a compensable back injury on November 23, 1991, and was awarded permanent partial disability benefits by the administrative law judge (ALJ) in an order dated January 7, 1993. That order was affirmed by the Commission on June 22, 1993. Pursuant to Appellant's request that the remaining portion of the benefits be paid in a lump sum, a hearing was held on January 3, 1994. In an opinion dated January 13, 1994, the ALJ found that it was in Appellant's best interest to receive a lump sum. After reviewing the medical evidence relating to Appellant's diagnosis of terminal cancer, unrelated to the compensable injury, the ALJ determined that Appellant was unlikely to survive more than sixty weeks. Accordingly, the ALJ made a lump-sum award of sixty weeks of benefits discounted at ten percent compounded annually. Less than one month later, on February 1, 1994, Appellant died. Appellee then appealed the award of a lump-sum payment to the Commission. The Commission remanded the case to the ALJ and instructed him to conduct a hearing to consider new evidence, the

fact that Appellant had died, in assessing the amount and propriety of the lump-sum payment. On remand, the ALJ found that Appellant's right to permanent disability benefits previously awarded terminated with his death on February 1, 1994. He also found that Appellant was not entitled to a lump-sum payment because he had been paid weekly and the payments were current at the time of his death. The Commission affirmed and adopted the ALJ's opinion.

Appellant appealed the Commission's decision to the court of appeals, arguing two points: (1) the Commission erred in remanding the case to the ALJ for consideration of Appellant's death as new evidence, and (2) the composition of the Commission violated his rights to due process of law. The court of appeals affirmed on the first point, but refused to address the second point on the ground that the record did not show that Appellant had ever obtained a ruling on the constitutionality of the statute. *See Quinn v. Webb Wheel*, 52 Ark. App. 208, 915 S.W.2d 740 (1996) (*Quinn I*). Appellant subsequently filed a petition for rehearing on the basis that the holding in *Green v. Smith & Scott Logging*, 54 Ark. App. 53, 922 S.W.2d 746 (1996), that a party must obtain a ruling from the Commission on constitutional issues to preserve them for appeal, was prospective only. The court of appeals agreed and remanded the constitutional issue to the Commission for consideration. *See Quinn v. Webb Wheel*, 52 Ark. App. 208, 213-A, 923 S.W.2d 287 (1996) (supplemental opinion on granting of rehearing).

On remand, the Commission ruled that its statutory composition provided for in section 11-9-201 does not deny claimants due process of law. The court of appeals affirmed the Commission's ruling in *Quinn II*, 59 Ark. App. 272, 957 S.W.2d 187, holding that the findings made by the Commission revealed nothing that would indicate any bias in the Commission's decisions. We granted Appellant's petition for review on January 29, 1998. When we grant review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997).

Appellant argues that section 11-9-201, the statute creating the Workers' Compensation Commission, is unconstitutional because it requires two of the three commissioners to have specific experience in workers' compensation matters: one commissioner must have experience representing employees and the other must have experience representing employers. Appellant argues that commissioners perform quasi-judicial functions, and that it is therefore a violation of principles of due process that they are required to be classed as a representative of an identifiable group. Appellant asks this court to abolish the Commission on the basis that two of the three members are not impartial, fair, and independent, because they are classed as representatives of employees and employers. Appellant concedes, however, that there is no evidence of actual bias on the part of the individual commissioners. He also concedes that there is no evidence that he was actually prejudiced by the composition of the Commission who heard his claim. Rather, he contends only that the commissioners' bias is both perceived and inherent in the selection procedure established by section 11-9-201.

Appellee contends that the decision by the court of appeals in *Quinn I*, 208 Ark. 209, 915 S.W.2d 740, which affirmed the Commission's ruling that Appellant was not entitled to a lump-sum payment of benefits, completely resolved the issues that related to Appellant individually. Appellee contends that because no evidence was ever introduced below showing that the composition of the Commission actually prejudiced Appellant as an individual, the resolution of the freestanding constitutional issue is unwarranted and unnecessary. We agree that the outcome of the litigation below has rendered this issue moot.

A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Stilley v. McBride*, 332 Ark. 306, 965 S.W.2d 125 (1998); *Pennington v. Pennington*, 315 Ark. 479, 868 S.W.2d 460 (1994). There are exceptions to the mootness doctrine, none of which apply here, for cases involving the public interest and the prevention of future litigation and cases that are capable of repetition yet evading review, as the justiciable controversy will necessarily expire or terminate prior to adjudication. *Wilson v. Pulaski Ass'n*

*of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997); *Wright v. Keffer*, 319 Ark. 201, 890 S.W.2d 271 (1995). Correspondingly, this court has long held that it will not pass upon constitutional questions if the litigation can be determined without doing so. *Osage Oil & Transp., Inc. v. City of Fayetteville*, 260 Ark. 448, 541 S.W.2d 922 (1976) (citing *Searcy County v. Stephenson*, 244 Ark. 54, 424 S.W.2d 369 (1968)). Because·the litigation in this case has been resolved as it pertained to the named parties, and because neither party accordingly stands to lose or gain financially based upon the outcome of this appeal, *see Urrey Ceramic Tile Co. v. Mosley*, 304 Ark. 711, 805 S.W.2d 54 (1991)[1], we decline to address the merits of Appellant's moot constitutional argument.

Affirmed.

---

[1] Although that case actually dealt with the related issue of a litigant's standing, we think the reasoning is also applicable to the facts of the present case.