The Honorable Bud Canada State Senator P.O. Box 2110 Hot Springs, Arkansas 71914-2110
Dear Senator Canada:
You have requested an official Attorney General opinion concerning the following factual scenario: Several businesses collectively contributed to the candidacy of an individual running for re-election for a position on a local school board. A newspaper ad was run in support of the individual, and the ad stated that it was paid for by several area businesses. The candidate was re-elected.
In light of that scenario, you have presented the following question:
 Is it a violation of either A.C.A. § 6-21-410 or A.C.A. § 6-21-601 for a school district to transact business with and buy commodities and services from businesses that financially endorsed a person who successfully ran for a school board position and is a member of the school board?
It is my opinion that it does not violate either A.C.A. § 6-21-410 or A.C.A. § 6-21-601 for a school district to transact business with and buy commodities and services from businesses that financially endorsed a person who successfully ran for a school board position and is a member of the school board.
Both A.C.A. § 6-21-410 and A.C.A. § 6-21-601 contain prohibitions that are pertinent to your question, but that do not, in my opinion, govern the situation you have described.
The pertinent provisions in these statutes prohibit school board members from receiving personal remuneration from persons or entities who have done business with the school board or who seek to do business with the school board.
A.C.A. § 6-21-410 states in pertinent part:
 (a)(1) It shall be illegal for the Director of General Education or any other employee connected with the Department of Education, any member of any selecting committee, or any member of any school board to accept or receive any money, gift, property, or favor whatsoever from any person, firm, or corporation, or any agent thereof, offering for sale any item pursuant to this subchapter, or from any person in any way interested in such sale.
A.C.A. § 6-21-410(a)(1).
Similarly, A.C.A. § 6-21-601 states:
 (b) It shall be unlawful for that person [i.e., "any member of the State Board of Education, the Director of General Education, the Director of Vocational and Technical Education, or a member of any city, county, district, local, or special board of education having supervision over any public schools of this state, or any employee or agent of said persons," see A.C.A. § 6-21-601(a)] to receive directly or indirectly any pecuniary reward, pay, or emolument for his services or influence in recommending or voting for the purchase of any book, article, commodity, or material to be or having been purchased by the board of which he may be a member. It is the intent and purpose of this section to prevent any member of any board herein named or their agents or employees from directly or indirectly receiving any pecuniary reward or profit from the purchase and sale of any article by the board of which he may be a member.
A.C.A. § 6-21-601(b).[1]
It is my opinion that the above-quoted provisions were intended to prohibit school board members (and the other named individuals) from receiving personal enrichment in exchange for influencing the board's choice of contracts.
I base this conclusion primarily upon a rule of statutory interpretation that has been relied upon many times by the Arkansas Supreme Court. Under that rule, two laws that seem to conflict must be interpreted so as to give effect to both, if possible. Vanderpool v. Fidelity Cas. Ins.Co., 327 Ark. 407, 939 S.W.2d 280 (1997).
The provisions of A.C.A. § 6-21-410 and A.C.A. § 6-21-601, quoted above, could be viewed as conflicting with the general election laws, because the election laws (in seeming contrast to those two provisions) do not prohibit individuals or entities from making campaign contributions to candidates who will later be in a position to make decisions affecting the donor's contracts. Yet A.C.A. § 6-21-410 and A.C.A. § 6-21-601 can be interpreted to be consistent with the election laws if they are interpreted as prohibiting only personal enrichment, and not as prohibiting donations to the individual's campaign.
It is reasonable to interpret these statutes in this manner, given the fact that both provisions are set in a context of other provisions that explicitly prohibit school board members from having a personal interest in school contracts. This interpretation would therefore be consistent with the statutory theme of proscribing the use of board positions for the purpose of realizing personal gain.
Moreover, to interpret these statutes as not prohibiting campaign contributions is also supported by the definition of the term "contribution" that is set forth in the election statutes. A campaign "contribution," within the meaning of the election statutes, does not constitute a contribution to the candidate personally. Rather, the term "contribution," as used in the election statutes, is by definition a donation made "for the purpose of influencing the nomination or election of any candidate." A.C.A. § 7-6-203. A campaign contribution is therefore inherently inconsistent with the type of payment described in A.C.A. §6-21-410 and A.C.A. § 6-21-601, which is given for the purpose of influencing the board's business decisions.[2]
I also find it notable that the election statutes contain safeguards against the very type of personal enrichment that is prohibited by the statutes quoted above. They explicitly prohibit candidates from accepting contributions as personal income. A.C.A. § 7-6-203(i)(1). They also prohibit the use of campaign funds for the candidate's personal purposes. A.C.A. § 7-6-203(j)(5) and (l). In addition, they require that campaign contributions be disclosed. A.C.A. § 7-6-208.
Finally, I must point out that to interpret A.C.A. § 6-21-410 and A.C.A. § 6-21-601 as prohibiting school boards from doing business with persons or entities who contributed to board members' campaigns could give rise to constitutional concerns. Statutes must be presumed to be constitutional, and should be interpreted as such, if possible. Quinn v.Webb Wheel Prods., 59 Ark. App. 272, 277, 957 S.W.2d 187 (1997); Arnoldv. Kemp, 306 Ark. 294, 813 S.W.2d 770 (1991).
For the foregoing reasons, I conclude that A.C.A. § 6-21-410 and A.C.A. § 6-21-601 are not violated if a school board transacts business with or buys commodities and services from businesses that financially endorsed a person who successfully ran for a school board position and is a member of the school board.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] It should be noted that both A.C.A. § 6-21-410 and A.C.A. §6-21-601 contain other prohibitions that are not directly relevant to your question.
[2] Of course, a violation of A.C.A. § 6-21-410 or A.C.A. § 6-21-601
could be established if it could be proven factually that an individual or entity provided support for a candidate for the purpose of obtaining the influence of that candidate in making the board's contract decisions. Such a showing would be contingent upon the facts proven.