The Honorable Sam E. Angel, II State Representative P.O. Box 748 Lake Village, AR 71653-0748
Dear Representative Angel:
You have requested an Attorney General opinion in response to the following question:
 Does any federal law prohibit an owner of property that was stolen and pawned from receiving his property from the pawnbroker, pursuant to A.C.A. § 18-27-202?
It is my opinion that no federal statutory law would prevent the operation of A.C.A. § 18-27-202, but that federal constitutional principles must be considered.
A.C.A. § 18-27-202 states:
 When any pawnbroker in this state shall, in good faith or otherwise, acquire, by purchase, pawn, gift, or otherwise, any article of personal property which has been stolen from the owner thereof the pawnbroker shall return the personal property to the true owner thereof upon his request and the execution of his affidavit of possession.
A.C.A. § 18-27-202.
I am aware of no federal statute that would operate to prevent an owner of stolen property from receiving his property from a pawnbroker, pursuant to the provisions of the above-quoted Arkansas statute.
However, the Arkansas statute does implicate federal constitutional principles, and those principles must be considered in analyzing the statute. More specifically, because the statute does not explicitly provide for a hearing before the pawnbroker is required to relinquish the property, the statute could, under certain circumstances, violate the due process requirements of the Fifth and Fourteenth Amendments to the U.S. Constitution.
Under the constitutional principles of due process, a person cannot be deprived of property without notice and a hearing. United States v. JamesDaniel Good Real Property, 510 U.S. 43 (1993). (It should be noted that under Arkansas law, although an innocent purchaser of property from a thief — a pawnbroker being a possible example of such a purchaser — does not acquire title as against the rightful owner of the property, he does acquire a right of possession of the property, and is treated as having title, as against everyone except the rightful owner. Hinkle v. Perry,296 Ark. 114, 752 S.W.2d 267 (1988); Eureka Springs Sales Co. v. Ward,
226 424, 290 S.W.2d 434 (1956). A pawnbroker who is an innocent purchaser thus has a prima facie interest in property that he innocently purchased from a thief.)[1]
Generally, due process requires that the hearing must be held at a meaningful time, i.e., before deprivation of the property. United Statesv. James Daniel Good Real Property, 510 U.S. 43 (1993). In order for a hearing to be held after the deprivation and still satisfy the requirements of due process, the situation must be extraordinary and must involve an overriding state interest that would justify the delay of the hearing until after the deprivation. Id. A previous Attorney General concluded, relying upon United States v. James Daniel Good RealProperty, supra, that where the governmental interest at stake is that of returning property to the rightful owner, rather than an investigatory purpose (obtaining evidence of wrongdoing), the governmental interest is not sufficient to justify delaying the hearing until after the property has been relinquished. Op. Att'y Gen. No. 95-092. I concur in that position. It would therefore appear that a pre-deprivation hearing would satisfy the requirements of federal due process principles.
I must note that all statutes are entitled to a presumption of constitutionality, and all doubts must be resolved in favor of a finding of constitutionality if possible. See Quinn v. Webb Wheel Prods.,59 Ark. App. 272, 277, 957 S.W.2d 187 (1997); Golden v. Westark CommunityCollege, 58 Ark. App. 209, 948 S.W.2d 108 (1997); Arnold v. Kemp,306 Ark. 294, 813 S.W.2d 770 (1991); Urrey Ceramic Tile v. Mosley,304 Ark. 711, 805 S.W.2d 54 (1991). I also note that to my knowledge, the provisions of A.C.A. § 18-27-202 have not been challenged on constitutional grounds, and are therefore currently valid.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that A.C.A. § 18-27-202 also applies to pawnbrokers who are not innocent purchasers. It is my opinion that such pawnbrokers do not acquire a property interest in the purchased property, and that the constitutional principles discussed herein do not apply to that situation.